# United States Court of Appeals for the Federal Circuit

2006-3388

ALEXANDER F. PUCILOWSKI, JR.,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Mathew B. Tully, Tully, Rinckey & Associates, of Albany, New York, for petitioner.

Douglas K. Mickle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Assistant Director. Of counsel on the brief was Paul M. Schneider, Office of General Counsel, Federal Bureau of Prisons, of Washington, DC.

Appealed from: United States Merit Systems Protection Board

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2006-3388

ALEXANDER F. PUCILOWSKI, JR.,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

_____

DECIDED:  August 29, 2007

_____

Before MAYER, Circuit Judge, PLAGER, Senior Circuit Judge and LOURIE, Circuit Judge.

MAYER, Circuit Judge.

Alexander F. Pucilowski, Jr., appeals the decision of the Merit Systems Protection Board, denying in part his petition for relief under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301-4333. Pucilowski v. Dep't of Just., NY-3443-06-0081-I-1 (MSPB July 7, 2006). Because the board erred by declining to order the government to correct his personnel records for the days he was improperly charged military leave in violation of Butterbaugh v. Department of Justice, 336 F.3d 1332 (Fed. Cir. 2003), we reverse-in-part and remand.

Background

Under 5 U.S.C. § 6323(a)(1), federal government employees who are members of the National Guard are entitled to 15 days of annual military leave "without loss in pay, time, or performance or efficiency rating for active duty [or] inactive-duty training." Id. Moreover, guard members can carry-over up to 15 days of military leave from one year to the next, thereby enabling them to begin a fiscal year with as many as 30 days of military leave. Id. Prior to the 2000 amendment to section 6323, the government's standard practice was to charge guard members military leave for every day they were away on guard duty, even if they were not scheduled to work some of those days. In other words, a regular Monday to Friday employee who had guard duty from a Monday through the next Tuesday would be charged for nine days of military leave, rather than seven. However, in Butterbaugh, we held that this practice was contrary to section 6323 and constituted the denial of a benefit of employment in violation of USERRA. 336 F.3d at 1336, 1343.

Pucilowski was employed by the Department of Justice, Bureau of Prisons, as a correctional officer and supervisor from May 1989 to May 2002, when he transferred to the Transportation Security Administration as an air marshal. On December 21, 2005, he filed a Butterbaugh claim with the board, alleging that he had been erroneously charged military leave from 1989 to 2001, and that as a result he was improperly forced to use annual leave, sick leave, and leave without pay ("LWOP"). Before the board, he established that he had been improperly charged 22 days of military leave from 1991 to 1998, including two days in 1991 and three days in 1993. However, the only resulting leave that these improper charges forced Pucilowski to take was LWOP in 1993. He

took a total of 34 days of LWOP that year, but because he had been improperly denied only five days of military leave from 1991 to 1993, the AJ limited his award of back pay to five days. Given the absence of any other improper deprivation of annual leave, sick leave, or LWOP from 1994 to 1998, the AJ denied further monetary relief. He also declined to order correction of Pucilowski's civilian and military leave records, because he reasoned that under Dombrowski v. Department of Veterans Affairs, 102 M.S.P.R. 160 (2006), the board was without authority to do so. Pucilowski appeals,[*] and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

Discussion

We must affirm the board's decision unless we find that it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The burden of establishing reversible error rests on Pucilowski. Sacco v. Dep't of Justice, 317 F.3d 1384, 1386 (Fed. Cir. 2003).

Pucilowski does not challenge the board's determination that he was improperly charged 22 days of military leave from 1991 to 1998, and he also does not challenge its determination that he is entitled to only five days of back pay as compensation for the LWOP that he was improperly forced to take. Instead, he argues that the board erred by declining to order correction of his civilian and military leave records to remedy the

---

[*]     Because Pucilowski's appeal alleges USERRA violations that pre-date its enactment, we note that the board has the authority to order remedial action for those violations, regardless of whether they occurred before, on, or after its enactment. 38 U.S.C. § 4324(c)(1); Hernandez v. Dep't of the Air Force, No. 06-3375, slip op. at 4-7 (Fed. Cir. Aug. __, 2007).

2006-3388                                    3

improper charges of military leave; we agree. Moreover, he contends that he is entitled to compensation based solely on the improper charges of military leave; we disagree.

With respect to correction of his civilian and military pay records, USERRA provides that a member of "a uniformed service shall not be denied . . . any <u>benefit of employment</u> by an employer on the basis of that membership." 38 U.S.C. § 4311(a) (emphasis added). The term "benefit of employment" is given an "expansive interpretation." <u>Yates v. Merit Sys. Prot. Bd.</u>, 145 F.3d 1480, 1484-85 (Fed. Cir. 1998); <u>see also</u> <u>Peterson v. Dep't of the Interior</u>, 71 M.S.P.R. 227, 237 (1996). It includes "any advantage, profit, privilege, gain, status, account, or interest (other than wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice." 38 U.S.C. § 4303(2). To the extent that it is not already clear from <u>Butterbaugh</u>, 336 F.3d at 1336, we restate that military leave afforded by 5 U.S.C. § 6323(a) is a benefit of employment. Indeed, military leave "accrues by reason of" Pucilowski's employment with the government, and the fact that it is a benefit afforded him by force of statute makes it no less a part of his "employment agreement" than if it had been negotiated via collective bargaining or any other process. <u>See also</u> <u>Fernandez v. Dep't of the Army</u>, 234 F.3d 553, 555-57 (Fed. Cir. 2000) (finding that the living quarter allowance provided to members of the armed forces under 5 U.S.C. § 5923(a)(2) is a "benefit of employment").

The board plainly has the authority under 38 U.S.C. § 4324 to remedy denial of military leave benefits. Indeed, section 4324(c)(2) provides: "If the Board determines that a Federal executive agency or the Office of Personnel Management has not complied with the provisions of this chapter relating to the employment or reemployment

of a person by the agency, the Board <u>shall enter an order requiring the agency or Office to comply with such provisions</u> and to compensate such person for any loss of wages or benefits suffered by such person by reason of such lack of compliance." Accordingly, the board erred by failing to order the Department of Justice, the Transportation Security Administration, the United States Department of Defense Finance & Accounting Service, and any other relevant agency to correct their records to reflect a proper accounting of Pucilowski's military leave.

Finally, we reject Pucilowski's suggestion that he is entitled to monetary compensation based solely on the 22 days of improperly charged military leave. Indeed, a veteran is legally entitled to monetary compensation or its equivalent only where he demonstrates actual harm. <u>See</u> <u>Butterbaugh</u>, 336 F.3d at 1333-36. Therefore, we find no reversible error in the AJ's decision to compensate Pucilowski only for the five days of LWOP that he was forced to take as a result of improperly charged military leave, and not for the days of military leave themselves.

We recognize, however, that agencies have not been entirely consistent in how they compensate veterans for <u>Butterbaugh</u> violations. In some cases, they have provided monetary compensation or annual leave days for improperly charged military leave even though the veteran has not been able to demonstrate actual harm. For example, in <u>Hernandez</u>, No. 06-3375, slip op. at 3, the Air Force provided monetary compensation both for annual leave days taken as a result of <u>Butterbaugh</u> violations and for the 12 days of improperly charged military leave. <u>See also</u> <u>Garcia v. Dep't of Justice</u>, 102 M.S.P.R. 463 (2006); <u>Perih v. Dep't of Veterans Affairs</u>, 102 M.S.P.R. 454 (2006); <u>Lewis v. Dep't of the Air Force</u>, 102 M.S.P.R. 415 (2006); <u>Scott v. Dep't of the</u>

<u>Navy</u>, 101 M.S.P.R. 343 (2006).  However, in other cases, agencies have declined to provide such compensation where no actual harm was shown.  <u>See, e.g.</u>, <u>Roy v. Dep't of the Treas.</u>, 103 M.S.P.R. 638 (2006); <u>Rubel v. Dep't of the Army</u>, 103 M.S.P.R. 196 (2006); <u>Scott v. Dep't of the Air Force</u>, 102 M.S.P.R. 468 (2006).  We make clear that, while not legally obligated to do so, agencies may resolve claims by providing more compensation than an individual has been able to prove.  This practice, as illustrated by <u>Hernandez</u>, <u>Garcia</u>, <u>Perih</u>, <u>Lewis</u>, and <u>Scott v. Dep't of the Navy</u>, is appropriate as a matter of administrative convenience, especially if the records before them are deficient or incomplete.  But it also helps to ensure that veterans are appropriately given the benefit of the doubt in the face of such records and fully enjoy the presumption that veterans' benefits statutes are to be resolved in their favor.  <u>E.g.</u>, <u>King v. St. Vincent's Hosp.</u>, 502 U.S. 215, 220 n.9 (1991); <u>see also</u> <u>Kirkendall v. Dep't of the Army</u>, 479 F.3d 830, 843-44 (Fed. Cir. 2007) (en banc).  Accordingly, we approve of the board's affirmance of the relevant compensation decisions in <u>Hernandez</u>, <u>Garcia</u>, <u>Perih</u>, and <u>Lewis</u>.

<u>Conclusion</u>

Accordingly, the decision of the Merit Systems Protection Board is affirmed-in-part and reversed-in-part, and the case is remanded for the board to direct the correction of Pucilowski's civilian and military leave records.

<u>AFFIRMED-IN-PART; REVERSED-IN-PART; and REMANDED</u>
