**Dale K. HOFF, Petitioner,**

v.

**DEPARTMENT OF JUSTICE,
Respondent.**

No. 2007–3051.

United States Court of Appeals,
Federal Circuit.

Feb. 13, 2008.

Before RADER, Circuit Judge,
CLEVENGER, Senior Circuit Judge, and
BRYSON, Circuit Judge.

## ON MOTION

PER CURIAM.

### ORDER

In light of the parties' responses to the court's December 20, 2007 order, we consider whether to vacate the Merit Systems Protection Board's decision in *Hoff v. Dep't of Justice*, MSPB Docket No. DA–3443–06–0248–I–1 and remand this petition for review for further proceedings.

Dale K. Hoff filed an appeal at the Board alleging that the Department of Justice had improperly charged him leave for the performance of military reserve duty on non-workdays in violation of the Uniform Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301 (2000). Hoff specifically asserted that the Department had improperly charged him military leave for the performance of National Guard duties on nine non-workdays in 1980, 1996, and 2000, resulting in Hoff having to use six days of annual leave to fulfill his duties.

While Hoff's appeal was pending before the Administrative Judge (AJ), the Department agreed to restore six days of annual leave to Hoff. The Department thereafter moved to dismiss the appeal as moot. Hoff opposed, asserting, inter alia, that he was entitled to an order for compliance and the Department was required to correct Hoff's records.

On April 11, 2006, the AJ issued his decision agreeing with the Department and dismissing Hoff's petition as moot. The AJ refused to require the Department to correct Hoff's records on the ground that such relief would be trivial because Hoff had since retired from the National Guard. Because the AJ determined that no further effective relief could be granted, he cancelled a scheduled hearing. Hoff timely appealed to the full Board. Hoff now petitions for review of the Board's decision.

The parties agree that remand is required in this case but do not agree on what should be required on remand. Citing this court's holding in *Kirkendall v.*

*Army,* 479 F.3d 830 (Fed.Cir.2007) (en banc), *cert. denied* —— U.S. ——, 128 S.Ct. 375, 169 L.Ed.2d 260 (2007), the Department concedes that remand is required to provide Hoff a hearing if he so requests. *See Kirkendall,* 479 F.3d at 844 (holding that USERRA requires that "any veteran who requests a hearing shall receive one."). Hoff asserts that remand is required for the Board to order the Department to correct his employment records. In support of his assertion, Hoff cites this court's recent decision in *Pucilowski v. Dep't of Justice,* 498 F.3d 1341 (Fed.Cir. 2007). The Department does not respond to Hoff's argument.

We agree that the Board's decision should be vacated and the matter remanded. On remand, *Kirkendall* mandates that Hoff must receive a hearing if he requests one. The Board must also direct the Department to correct its employment records to adequately reflect Hoff's military leave. *See Pucilowski,* 498 F.3d at 1345 (holding that the Board must direct an agency to correct their records to reflect a proper accounting of military leave).

Accordingly,

IT IS ORDERED THAT:

(1) The Board's decision is vacated and the case is remanded for further proceedings consistent with this order.

(2) All sides shall bear their own costs.