NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3049

PIERCE JOHNSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.


Gregory T. Rinckey, Tully Rinckey PLLC, of Albany, New York, for petitioner.

Calvin M. Morrow, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel; and Stephanie M. Conley, Acting Assistant General Counsel.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3049

PIERCE JOHNSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems
Protection Board in DC3443070293-I-1.
_____

DECIDED: August 7, 2008
_____

Before MAYER, LINN, and PROST, Circuit Judges.

PER CURIAM.

Pierce Johnson ("Johnson") seeks review of a final decision of the Merit Systems Protection Board ("Board") dismissing Johnson's appeal for failure to prosecute and for lack of jurisdiction. Johnson v. Dep't of the Navy, No. DC3443070293-I-1 (M.S.P.B. Mar. 30, 2007) ("Initial Decision"), review denied, Johnson v. Dep't of the Navy, No. DC3443070293-I-1 (M.S.P.B. Aug. 29, 2007). Because Johnson failed to comply with the multiple orders of the administrative judge ("AJ") and also failed to otherwise communicate with the AJ, we affirm.

Johnson filed an appeal with the Board alleging that he "was charged military leave even on non work days in violation of [Butterbaugh v. Dep't of Justice, 336 F.3d

1332 (Fed. Cir. 2003)] from 1981 to 1995." Resp't's Appx. at 15. The AJ issued an order on January 22, 2007, scheduling a preliminary status conference and directing Johnson to provide additional information identifying the specific dates for which he was improperly charged military leave. See Dombrowski v. Dep't of Veterans Affairs, 100 M.S.P.R. 160, ¶ 11 (2006), overruled on other grounds by Pucilowski v. Dep't of Justice, 498 F.3d 1341, 1344-45 (Fed. Cir. 2007). Because neither party responded to the January 22, 2007 order, nor participated in the status conference, the AJ, on March 16, 2007, issued an order to Johnson to show cause why his appeal should not be dismissed for lack of jurisdiction or for failure to prosecute. Upon Johnson's failure to respond, the AJ concluded that Johnson had abandoned his appeal, noting that

> [Johnson] did not file any submissions in this proceeding other than his initial appeal letter. He did not participate in the scheduled status conference or contact me to reschedule the conference. Neither he nor his attorney responded to any of my orders, including a show cause order stating that the appeal would be dismissed if [Johnson] failed to respond to the order.

Initial Decision at 2. Accordingly, the AJ dismissed the case with prejudice for failure to prosecute and for lack of jurisdiction. Id.

"This court's scope of review of [Board] decisions is defined and limited by statute. The agency's action in this case must be affirmed unless it is found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984) (citing 5 U.S.C. § 7703(c)).

Nothing in the record suggests that the AJ abused her discretion or ran afoul of any law, rule, or regulation in dismissing Johnson's appeal. Johnson does not contest that he failed to respond to the January 22, 2007 order. And while Johnson asserts that "[t]he record on appeal[] unambiguously reflects" that he responded timely to the March 21, 2007 show cause order, Pet'r's Br. at 14, he fails to identify such a filing, and we find no evidence in the record to support this allegation. Indeed, Johnson fails to cite evidence of <u>any</u> communication with the AJ beyond the filing of his initial appeal letter.

The Board's own regulations provide that "[i]f a party fails to prosecute or defend an appeal, the judge may dismiss the appeal with prejudice or rule in favor of the appellant." 5 C.F.R. § 1201.43(b); <u>see also</u> <u>Mendoza v. Merit Sys. Protection Bd.</u>, 966 F.2d 650, 653 (Fed. Cir. 1992) ("A petitioner who ignores an order of the Administrative Judge does so at his or her peril."). Here, as in <u>Ahlberg v. Department of Health & Human Services</u>, "[t]he presiding official correctly treated [Johnson's] failure to make any submission, after twice being told to do so, as a failure to prosecute [his] appeal, as [s]he had warned [him] [s]he would do. The regulation explicitly authorized h[er] to dismiss the cases for such failure." 804 F.2d 1238, 1242 (Fed. Cir. 1986). Because the AJ propely dismissed Johnson's appeal for failure to prosecute, and because we otherwise discern no basis on which to overturn the decision, we <u>affirm</u>.