# United States Court of Appeals for the Federal Circuit

---

**KAREN JOHNSON,**
*Petitioner,*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2009-3292

---

Petition for review of an arbitrator's decision in FMCS No. 090602-57266-1 by Alfred O. Haynes, Sr.

---

Decided: November 24, 2010

---

PHILLIP R. KETE, Attorney at Law, of Washington, DC, argued for petitioner.

HILLARY A. STERN, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director.

---

Before RADER, *Chief Judge*, NEWMAN, and CLEVENGER, *Circuit Judges*.

CLEVENGER, *Circuit Judge*.

Karen Johnson seeks review of an arbitrator's finding that the arbitrator was without jurisdiction to review her discharge from the Department of Veterans Affairs ("agency"). We reverse and remand.

I

Prior to her removal, Johnson was employed in the Prosthetics and Sensory Aids Service at the agency's Maryland Health Care Center. On March 10, 2008, Johnson received a letter from her supervisor, Regina Kennedy, notifying her that it was proposed that she be removed from employment for having used a Government Travel Credit Card for personal purchases approximately ninety-two times between May 26, 2007 and November 21, 2007. Johnson responded to the letter on March 24, 2008, requesting that the agency rescind the proposed removal.

On April 22, 2008, Johnson received a letter from Dennis Smith, Director of the agency's Maryland Health Care System, informing her of the agency's decision to remove her from employment effective April 24, 2008. Smith's letter also provided Johnson with the following appeal options and time periods: (1) appeal to the Merit Systems Protection Board in writing to be filed no later than thirty calendar days after the effective date of the removal; (2) resolve the dispute through an alternative dispute resolution process by mutual agreement of the parties in writing prior to timely filing an appeal, which extends the time limit for filing an appeal by thirty calendar days; (3) grieve the action under the negotiated grievance procedure contained in Article 42 of the Collective

Bargaining Agreement ("CBA") between the American Federation of Government Employees, AFL-CIO Local 1923 ("union") and the agency to be filed within thirty calendar days of the notice of removal; and (4) file a complaint of discrimination with the Equal Employment Opportunity Commission.

On May 22, 2008, Johnson faxed a letter to Smith, dated May 20, 2008, which stated: "I am appealing the recently received removal from you dated April 22, 2008 and request through the [union], for an Alternate Dispute Resolution (ADR) be [sic] scheduled through them with me to revisit the Removal to obtain an amicable decision with the opportunity of Union Representation present. I do not agree with the reasoning behind the removal and I feel I was not given a fair and equitable disciplinary action prior to the proposed removal leading up to the removal."

In a letter to Smith, dated May 22, 2008, union representative Sandra Flowers advised Smith that Johnson had designated the union to represent her in ADR procedures concerning her removal. The union's letter also requested that a meeting be scheduled not later than ten days after receipt of the notice. Smith did not respond to the union's letter in writing. Rather, the agency informed the union by telephone, on July 3, 2008, that it did not intend to participate in the ADR process.

On August 15, 2008, the union sent a letter to Smith stating that the correspondence constituted a Step 3, Note 5 grievance, pursuant to Article 42 of the CBA between the union and the agency, which it was filing on behalf of itself and Johnson. The union further noted that the basis of its grievance was the agency's July 3, 2008 refusal to engage in ADR as requested by both Johnson and the union.

On August 29, 2008, the union made an oral presentation on Johnson's behalf and, on September 9, 2008, Smith responded by letter to the union's August 15, 2008 Step 3 grievance. Specifically, Smith wrote that he found no CBA violation of Article 6 with respect to the election to utilize ADR, as it is a voluntary procedure that was not elected by management. Smith also stated that he considered the August 15, 2008 grievance non-grievable and non-arbitrable, because it was filed more than thirty calendar days from the July 3, 2008 date that the agency informed the union it was not electing to participate in ADR concerning Johnson's removal. Thus, Smith denied the grievance.

On May 11, 2009, Ericka Lewis, Assistant General Counsel for the union, filed a Step 2 grievance letter regarding Johnson's removal. In the letter, Lewis noted that management had not yet submitted a written response to Johnson's May 20, 2008 grievance. Lewis also noted that the parties had an arbitration scheduled for May 20, 2009, but stated that the union would withdraw the grievance and cancel the arbitration unless it covered the merits of Johnson's removal.

On May 20, 2009, the agency responded to Lewis's letter, rejecting the Step 2 grievance. More particularly, the agency's response stated: "To the extent that you characterize the employee's May 20, 2008 letter as a 'Step 1 grievance,' you are incorrect. There is nothing in the letter or in the actions of the employee or Union subsequent to May 20, 2008 to indicate that that letter was intended to be a grievance submitted for consideration pursuant to the negotiated grievance process."

On May 21, 2009, Lewis filed a Step 3 grievance and requested a Step 3 decision regarding Johnson's removal. On May 26, 2009, Smith issued a decision rejecting

Lewis's Step 3 grievance as untimely under Article 42 of the CBA. On June 1, 2009, the union invoked arbitration.

## II

Prior to addressing the merits of the matter before the arbitrator, the agency raised the question of jurisdiction, as it believed that the matter was non-arbitrable because it was time-barred. On July 23, 2009, the arbitrator issued his decision on arbitrability. Noting that the relevant facts in dispute were "crystal clear," the arbitrator concluded that Johnson's May 20, 2008 letter to Smith was simply a request for ADR, not a grievance. Based on this decision, the arbitrator reasoned that August 15, 2008 "was, in fact, the first time in this case, that the Union filed a formal appeal of the Agency's action to remove [Johnson] from her employment." The arbitrator then noted that the August 15, 2008 formal appeal was submitted more than 100 days after Johnson received her April 22, 2008 removal notice and more than 40 days after the July 3, 2008 date the agency informed the union that it was not going to participate in ADR. On this basis, the arbitrator found Johnson's grievance appeal untimely and dismissed the grievance for lack of jurisdiction.

Johnson timely petitioned for review in this court. We have jurisdiction pursuant to 5 U.S.C. §§ 7121(f) and 7703.

## III

We review an arbitrator's decision under the same standard of review that is applied to decisions from the Merit Systems Protection Board. 5 U.S.C. § 7121(f); *Frank v. Dep't of Transp.*, 35 F.3d 1554, 1556 (Fed. Cir. 1994). Thus we must affirm the decision of the arbitrator unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained

without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1)-(3). "[T]he 'arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law' standard of review . . . contemplates *de novo* review of questions of law." *Kent v. Principi*, 389 F.3d 1380, 1384 (Fed. Cir. 2004).

Johnson argues that the arbitrator erred in concluding that her May 20, 2008 letter did not constitute a grievance under Article 42, Section 2 of the parties' CBA. In Johnson's view, the May 20, 2008 letter said two things; first, I object to the removal and second, I request that ADR procedures be scheduled through the union.

In rejecting Johnson's position that her May 20, 2008 letter was a timely grievance, the arbitrator found that the May 20 letter did not constitute a grievance under Article 42, Section 2 of the CBA. Accordingly, the arbitrator based his decision as to the timeliness of Johnson's grievance in part on his interpretation of Johnson's May 20 letter. "The interpretation of a pleading is a function that rests with a court as a determination of law." *Hammonds v. Hartford Fire Ins. Co.*, 501 F.3d 991, 998 (8th Cir. 2007); *see Lilly v. Grand Trunk W. R.R. Co.*, 317 U.S. 481, 489-90 (1943) (noting that the function of interpreting a pleading rests primarily with the trial judge). Therefore, we must determine whether Johnson's May 20, 2008 letter was indeed a grievance under Article 42, Section 2 of the CBA.

Pursuant to Article 42, Section 2 of the CBA a "grievance" means "any complaint by an employee(s) or Union concerning any matter relating to employment . . . ."[1] The

---

[1] Likewise, 5 U.S.C. § 7103(a)(9) defines a "grievance" as, among other things, "any complaint – (A) by any

CBA does not include any mandatory requirements as to the form that a grievance must take, other than the fact that it must be in writing. Nor does it indicate that an employee must use certain words in her writing to constitute a grievance. Moreover, "a document filed *pro se* is to be liberally construed . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted); *see Melendez v. Dep't of Veterans Affairs*, 106 M.S.P.R. 128, 131 (2007) ("The Board has a long history of construing pro se pleadings liberally."). Here Johnson wrote: "I am appealing the recently received removal from you dated April 22, 2008 . . . . I do not agree with the reasoning behind the removal and I feel I was not given a fair and equitable disciplinary action prior to the proposed removal leading up to the removal." Giving Johnson's May 20, 2008 letter to Smith a liberal reading, we find as a matter of law that, although not labeled as such, it adequately communicated Johnson's intent to grieve her removal under Article 42, Section 2 of the CBA, as it is a complaint concerning a matter of employment. In other words, we find that Johnson's intent to grieve her removal was evident from the face of her May 20, 2008 letter, and accordingly, the letter was both a grievance and a request for ADR proceedings to resolve the matter.

Further, to the extent that the arbitrator concluded that Johnson's May 20 letter was nothing more than a request for informal resolution of her removal through the voluntary ADR process, that conclusion would yield an unfortunate result in Johnson's case, as she would be left with no recourse to grieve or appeal her removal. It makes more sense that an employee who disagrees with her removal would request formal and definite review.

---

employee concerning any matter relating to the employment of the employee . . . ."

Indeed, the CBA encourages the parties to use informal ADR while the parties are participating in the formal grievance process: "ADR methods may be used prior to *or during* a grievance/arbitration or statutory appeal." Thus, under the terms of the CBA, Johnson could have, and did, file a letter which simultaneously served as a formal grievance and requested ADR, and it was legal error for the arbitrator to find otherwise.[2]

## IV

For the foregoing reasons, we reverse the arbitrator's decision that Johnson failed to file a timely grievance contesting her removal. We remand the case to the arbitrator to adjudicate the merits of Johnson's grievance.

**REVERSED AND REMANDED**

---

[2]  Having found that the arbitrator's construction of Johnson's May 20, 2008 letter was erroneous, the only remaining issue is whether she timely filed her letter. The record contains a document that shows a fax transmission on May 22, 2008. Johnson maintains that this document relates to her fax transmission of her May 20, 2008 letter. Another document in the record shows receipt of that letter by Smith on May 23, 2008. The record thus presents the question of whether the May 20 letter was received by the agency by fax on May 22, or whether it was not received until May 23, which would have been one day late. For purposes of this case, the agency conceded at oral argument that the letter was timely received, thus resolving the issue in Johnson's favor.