NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TAMMY R. BRIGHAM,**
*Petitioner,*

v.

**SOCIAL SECURITY ADMINISTRATION,**
*Respondent.*

---

2012-3129

---

Petition for review of an arbitrator's decision in Case Nos. BR-2011-R-0004 and BR-2011-R-0018 by Daniel L. Feinstein.

---

Decided: October 4, 2012

---

TAMMY R. BRIGHAM, of Memphis, Tennessee, pro se.

GREGG PARIS YATES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before RADER, *Chief Judge*, LOURIE, *Circuit Judge*, and DANIEL, *Chief District Judge*[1]

PER CURIAM.

Tammy R. Brigham seeks review of an arbitrator's decision holding that just cause supported the Social Security Administration's decisions to 1) suspend Ms. Brigham for thirty days and subsequently 2) terminate her employment. Because the record contains substantial evidence to support the Arbitrator's factual determinations and the arbitrator correctly applied the law, this court *affirms*.

I

Ms. Brigham began employment with the Social Security Administration (the "Agency") in 1994 as a Claims Clerk. In October 2004, she received a promotion to the position of Claims Representative. While working as a Claims Representative, Ms. Brigham observed what she believed was inappropriate termination of claimants' benefits, and reported the situation. Ms. Brigham then allegedly suffered acts of retaliation for being a whistle-blower. She filed a grievance. The grievance ended when Ms. Brigham voluntarily accepted a downgrade from Claims Representative to Service Representative and a transfer to another office.

Ms. Brigham began work at her new position in June 2009, where she engaged in a pattern of disruptive behavior. Ms. Brigham's interactions with co-workers and the public were discourteous. At the arbitration hearing in this case, six of Ms. Brigham's co-workers testified regarding her unprofessional and intimidating behavior. The

---

[1] The Honorable Wiley Y. Daniel, Chief District Judge, United States District Court for the District of Colorado, sitting by designation.

Agency also identified several instances of substandard job performance, including tardiness, unscheduled absence without leave, and Ms. Brigham's denial of assistance to social security claimants in violation of instructions from her supervisor.

On August 18, 2009, Ms. Brigham met with two of her supervisors, Mr. James Alford and Ms. Charlene Strong. They intended to discuss complaints from Ms. Brigham's co-workers about her behavior. During the arbitration hearing, both Mr. Alford and Ms. Strong testified that Ms. Brigham abruptly ended the August 18, 2009 meeting. Their testimony recounted that Ms. Brigham bumped into one supervisor and pushed the other as she left the room. Conversely, Ms. Sharon Patrick, a union representative, testified that she watched the entire meeting through a window from the common area into the office and did not see Ms. Brigham take any aggressive action towards either Mr. Alford or Ms. Strong. Ms. Patrick testified that she could not hear what was said during the meeting, but believed she would have heard any raised voices. The arbitrator found the testimony of Mr. Alford and Ms. Strong credible, and found Ms. Patrick had not been able to fully observe the events of the meeting from her position outside the window.

Ms. Brigham received the Agency's notice of intent to suspend her without pay for thirty days for (a) discourteous behavior directed at colleagues; (b) the incident in which she bumped and pushed two supervisors; and (c) failure to perform assigned tasks. This discipline took effect on February 1, 2010. On March 10, 2010, immediately upon returning from her thirty-day suspension, Ms. Brigham had a physical altercation with an employee who was assisting Ms. Brigham with setting up her voicemail. The employee, Ms. Nina Des Vignes, testified Ms. Brigham slapped her hand "really hard" when she reached for

Ms. Brigham's phone. J.A. 31. Ms. Jean Vaught, an Operations Supervisor, and Mr. Alford both testified they observed a red mark on Ms. Des Vignes's hand following the incident and that Ms. Des Vignes appeared shaken. Mr. Ennis Lee Brown, a contract security guard, similarly testified that he heard a slapping sound and also observed a red mark on Ms. Des Vignes's hand. Ms. Brigham testified that her finger only brushed Ms. Des Vignes's hand. The arbitrator found the testimony of Ms. Brigham's co-workers credible and compelling, and determined Ms. Brigham initiated the physical confrontation.

Following the March, 10, 2010 incident, the Agency terminated Ms. Brigham's employment. The American Federation of Government Employees, a labor union representing employees in the office where Ms. Brigham worked, invoked arbitration on her behalf. At arbitration, Ms. Brigham denied engaging in the charged misconduct and alleged that the Agency violated the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8).

On March 27, 2012, the arbitrator issued a decision finding that just cause supported the Agency's decisions to suspend and remove Ms. Brigham from Federal service. The arbitrator found the Agency carried its burden of proving Ms. Brigham engaged in the conduct with which she was charged, and found that Ms. Brigham's performance-related and interoffice conflicts were egregious. After considering the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981) ("*Douglas* factors"), the arbitrator concluded that the penalties were appropriate.

The arbitrator did not reach the merits of Ms. Brigham's whistleblower allegations. The arbitrator determined that even if Ms. Brigham made protected disclosures and the deciding officials were aware of those

disclosures, the Agency had met its burden to show it would have imposed the same disciplinary measures regardless of such disclosures.

## II

This court reviews an arbitrator's decision under the same standard of review that is applied to decisions from the Merit Systems Protection Board (the "Board"). 5 U.S.C. § 7121(f); *Johnson v. Dep't of Veterans Affairs*, 625 F. 3d 1373, 1376 (Fed. Cir. 2010). Thus, the arbitrator's decision must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c); *Johnson*, 625 F. 3d at 1376.

This court's review of an agency's penalty determination is "highly deferential." *Bieber v. Dep't of the Army*, 287 F. 3d 1358, 1365 (Fed. Cir. 2002).  The court will not overturn the penalty determination unless it is "grossly disproportionate to the offense charged."  *Id.* (quotation omitted).

In cases involving retaliation for whistleblowing, the employee must first demonstrate by a preponderance of the evidence that she made a protected disclosure under 5 U.S.C. § 2302(b)(8)(A).  The burden then shifts to the agency to establish by clear and convincing evidence that it would have taken the action even in the absence of the protected disclosure.  5 U.S.C. § 1221(e)(2).  The Board looks at three factors in assessing whether the agency has met its burden: (1) "the strength of the agency's evidence in support of its personnel action"; (2) "the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision"; and (3) "any evidence that the agency takes similar actions

against employees who are not whistle-blowers but who are otherwise similarly situated." *Carr v. Soc. Sec. Admin.*, 185 F.3d 1318 (Fed. Cir. 1999).

## III

This record contains substantial evidence to support the arbitrator's determination that the Agency properly decided to suspend and later terminate Ms. Brigham. Ms. Brigham's primary argument on appeal is that she did not engage in any of the conduct with which she was charged. The arbitrator, however, personally observed the testimony of Ms. Brigham, her witnesses, and the supervisors and co-workers who testified against her. The arbitrator found the testimony of Ms. Brigham's co-workers and supervisors credible and compelling. Having weighed the conflicting testimony, the arbitrator found Ms. Brigham violated direct instructions from supervisors in dealing with social security claimants, was intimidating and unprofessional in her behavior with colleagues, and engaged in two incidents of workplace violence. Absent compelling reasons to protect against manifest injustice, this court must credit the credibility determinations entrusted to a fact-finder. *See, e.g., Gibson v. Dep't of Veterans Affairs*, 160 F.3d 722, 725 (Fed. Cir. 1998). Ms. Brigham has not identified any evidence that demonstrates the testimony of her colleagues and managers was "inherently improbable or discredited by undisputed evidence or physical fact." *Id.* at 726 (citations omitted).

Ms. Brigham also disputes that suspension and removal were appropriate punishments for the charged conduct. The arbitrator, however, engaged in an express weighing of the *Douglas* factors. The arbitrator found that some factors "mitigate against strong discipline," including Ms. Brigham's long history of federal employment without prior disciplinary problems, and the possi-

bility that "some of the routine interruptions of colleagues may have been mitigated through a more rigorous on-board[ ] training process." *Arbitrator Op.* at 16-17. The arbitrator also noted Ms. Brigham "suffers from a diagnosed mental health condition" and considered this as a mitigating circumstance in Ms. Brigham's favor which might weigh in favor of less severe discipline. *Id.* at 16. Ms. Brigham asserts that the arbitrator improperly referred to her mental health condition, but this court detects no prejudice to Ms. Brigham or her case in the arbitrator's consideration of her condition.

Ms. Brigham suggests her performance issues were caused by the Agency's failure to provide proper training when she moved to her new office and position in June 2009. As noted by the Arbitrator, "the purported failure of the Agency to provide 'expectations discussions' was previously grieved but not appealed to arbitration." *Arbitrator Op.* at 17 n.6. This court will not review issues that were not presented to the Arbitrator in the first instance. To the extent Ms. Brigham argues the lack of formal training is a mitigating factor favoring a lesser penalty, the Arbitrator considered and correctly rejected this argument. Ms. Brigham received and did not heed numerous warnings regarding her unprofessional behavior with co-workers. Moreover, physical confrontations with co-workers are unacceptable in almost any event.

Ms. Brigham argues she was denied procedural due process because Mr. Alford and Ms. Strong, the two officials who proposed and implemented the thirty day suspension, were both involved in the physical confrontation that occurred August 18, 2009. The Agency respected Ms. Brigham's due process rights by giving her notice and an opportunity to be heard with respect to her suspension and removal. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) (explaining the requirements of

due process). In any event, the charges against Ms. Brigham received corroboration from several non-supervisor colleagues, which further weighs against Ms. Brigham's claim that the adverse personnel actions were motivated by bias. Accordingly, Ms. Brigham did not present sufficient evidence of bias to prove any violation of her due process rights.

Ms. Brigham also points out that she had not experienced any disciplinary problems until after she reported a supervisor's alleged inappropriate termination of claimant benefits, which this court interprets as an appeal of the denial of Ms. Brigham's claim of whistleblower retaliation. The arbitrator gave Ms. Brigham's whistleblower retaliation claim due consideration by assuming, without deciding, that Ms. Brigham had made a protected disclosure. The Arbitrator determined, however, that the Agency established it would have proposed the same penalties absent any protected disclosures Ms. Brigham may have made. Likewise, the record adequately supports this conclusion.

Based on witness testimony, the arbitrator found the Agency compellingly proved that Ms. Brigham engaged in a physical confrontation with two supervisors. Immediately upon return from a suspension imposed for unprofessional conduct, Ms. Brigham slapped a co-worker. The latter incident was established through the testimony of three witnesses, two of whom were non-management co-workers with no motivation to engage in reprisal over any alleged whistleblowing by Ms. Brigham. The record contains substantial evidence to support the arbitrator's determination that the Agency would have proposed the same penalties for any employee who engaged in such disruptive and physically violent conduct. *See Carr*, 185 F.3d at 1318.

For the reasons stated above, this court affirms the final decision of the arbitration decision holding that just cause supported the Social Security Administration's decisions to 1) suspend Ms. Brigham for 30 days and 2) terminate her employment.

**AFFIRMED**

COSTS

Each party shall bear its own costs.