NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONNA D. PARRISH,**
*Petitioner*

**v.**

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent*

---

2022-1170

---

Petition for review of an arbitrator's decision by Lawrence E. Little.

---

Decided:  December 8, 2022

---

DONNA D. PARRISH, Douglasville, GA, pro se.

MARGARET JANTZEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, TARANTO and CHEN, *Circuit Judges*.

PER CURIAM.

Donna D. Parrish, Ph.D., appeals from an arbitration decision affirming her removal from federal service for unacceptable performance. Because substantial evidence supports the arbitrator's decision, we *affirm*.

BACKGROUND

In December 2015, Dr. Parrish was hired as a program specialist at the Agency for Children and Families (ACF), a component of the Department of Health and Human Services (HHS). SAppx. 2.[1] As a program specialist, Dr. Parrish's responsibilities included developing relationships with state and local social services agencies and organizations, maintaining state profiles listing relevant policy issues and contact information for state and local agencies, updating a strategic tracker related to HHS programs and initiatives, and organizing conferences with state and local agencies. *See* SAppx. 335–37; SAppx. 340–42; SAppx. 351–55; Appx. 431–32. Dr. Parrish reported to the Regional Administrator, Carlis Williams. SAppx. 14.

In late 2017 and early 2018, Ms. Williams noticed a decline in Dr. Parrish's work performance. SAppx. 17. Ms. Williams initiated several one-on-one meetings with Dr. Parrish from March to May 2018 in which she communicated her concerns to Dr. Parrish and discussed ways for Dr. Parrish to improve her performance. SAppx. 13, 17.

Dr. Parrish's performance did not improve, however, and on May 21, 2018, Ms. Williams issued Dr. Parrish a Performance Deficiency Notice (Notice). SAppx. 334–38.

---

[1]  "SAppx." citations herein refer to the appendix filed concurrently with Respondent's brief. "Appx." citations refer to the appendix filed concurrently with Petitioner's brief.

The Notice identified aspects of Dr. Parrish's performance that needed improvement and cited specific examples, including repeated failures to update the strategic tracker, failure to provide Ms. Williams with materials needed to attend a conference, and failure to incorporate comments and feedback from Ms. Williams in a conference presentation. SAppx. 335–36. The Notice advised Dr. Parrish that she would be placed on a Performance Improvement Plan (PIP) if her performance did not improve. SAppx. 334, 337.

On June 27, 2018, Dr. Parrish informed Ms. Williams that she was diagnosed with adjustment disorder and depressed mood. SAppx. 13. Dr. Parrish applied for and was granted a short period of leave under the Family Medical Leave Act (FMLA). SAppx. 15.

Dr. Parrish's performance again did not improve, and on August 9, 2018, Ms. Williams issued Dr. Parrish a PIP. SAppx. 339–46. The PIP identified performance deficiencies similar to those identified in the Notice, including failure to update the strategic tracker, failure to prepare and maintain state profiles, and failure to provide support for speaking engagements. SAppx. 340–42. The PIP required Dr. Parrish to meet with Ms. Williams weekly to discuss work assignments, deficiencies, and suggestions for improvement. SAppx. 345. The PIP allowed Dr. Parrish 60 days to improve her performance. SAppx 342.

On October 2, 2018, Dr. Parrish submitted several workplace accommodation requests, including three consecutive days of telework at the end of each week, teleconferencing into meetings, short breaks, and a flexible work schedule. Appx. 802. Ms. Williams immediately approved Dr. Parrish's request for three days of telework. SAppx. 348.

Dr. Parrish's performance did not improve during the period of her PIP. She failed to attend her scheduled meetings with Ms. Williams, declined to attend additional

meetings proposed by Ms. Williams, and failed to submit work assignments. SAppx. 13–15. On November 19, 2018, Ms. Williams notified Dr. Parrish that she proposed to remove Dr. Parrish from federal service for unacceptable performance. SAppx. 347–56. That same day, Dr. Parrish was escorted out of her office, and her computer and access card were confiscated. Appx. 446; Appx. 669.

Dr. Parrish sought representation by the National Treasury Employees Union (Union). SAppx. 2, 17–18. At the Union's request, the deciding official, Joyce Thomas, met with Dr. Parrish and her Union representative on December 10, 2018, to provide Dr. Parrish the opportunity to respond to the proposed removal. Appx. 420; Appx. 430; SAppx. 18. Ms. Thomas then approved Dr. Parrish's removal on January 7, 2019. SAppx. 15.

The Union invoked arbitration. Following a two-day hearing and post-hearing briefing, the arbitrator found that HHS had shown sufficient cause to remove Dr. Parrish and denied Dr. Parrish's grievance. SAppx. 25–26.

Dr. Parrish appeals that decision. We have jurisdiction pursuant to 5 U.S.C. §§ 7121(f) and 7703.

## DISCUSSION

We review an arbitrator's decision under the same standard of review that is applied to decisions from the Merit Systems Protection Board. *Miskill v. Soc. Sec. Admin.*, 863 F.3d 1379, 1382 (Fed. Cir. 2017) (first citing 5 U.S.C. § 7121(f); and then citing *Johnson v. Dep't of Veterans Affs.*, 625 F.3d 1373, 1376 (Fed. Cir. 2010)). We thus affirm the decision of the arbitrator unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Id.* (quoting 5 U.S.C. § 7703(c)(1)–(3)). We review questions of law de

novo and questions of fact for substantial evidence. *See Wrocklage v. Dep't of Homeland Sec.*, 769 F.3d 1363, 1366 (Fed. Cir. 2014). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McLaughlin v. Off. of Pers. Mgmt.*, 353 F.3d 1363, 1369 (Fed. Cir. 2004). The burden of proving reversible error rests on Dr. Parrish. *See Pucilowski v. Dep't of Just.*, 498 F.3d 1341, 1344 (Fed. Cir. 2007).

To remove an underperforming employee under 5 U.S.C. § 4303, an agency must: "(a) establish an approved performance appraisal system; (b) communicate the performance standards and critical elements of an employee's position to the employee; (c) warn the employee of inadequacies in 'critical elements'; and (d) offer an underperforming employee counseling and an opportunity for improvement." *Santos v. Nat'l Aeronautics & Space Admin.*, 990 F.3d 1355, 1361–62 (Fed. Cir. 2021) (citation omitted). When an agency chooses to terminate an employee after issuing a PIP, the agency must prove that the employee's performance "was unacceptable before the PIP and remained so during the PIP." *Id.* at 1363.

Here, after reciting the relevant sections of HHS's approved performance appraisal system, the arbitrator found that HHS communicated valid performance standards and critical elements to Dr. Parrish and warned Dr. Parrish that she was not meeting those standards, SAppx. 21–23; that Dr. Parrish was offered counseling and was provided a reasonable opportunity to improve, SAppx. 23–24; and that Dr. Parrish's performance was unacceptable both before and after receiving the PIP. SAppx. 24–25.

Substantial evidence supports these findings. The Notice and PIP communicated the performance standards and critical elements of Dr. Parrish's position to her, described specific examples and instances where Dr. Parrish's performance was deficient, and explained what Dr. Parrish was

doing incorrectly as compared to the expectation for that specific task. SAppx. 335–37; SAppx. 340–42. The Notice and PIP also warned Dr. Parrish that she might be removed from federal service if her performance did not improve. SAppx. 337; SAppx. 345. Dr. Parrish was then provided almost six months between the Notice and the proposal for her removal to improve her performance, during which she received direct feedback and counseling from Ms. Williams. SAppx. 13–14; SAppx334; SAppx. 347–48. Her performance, however, continued to be unacceptable after receiving the PIP. For example, she failed to meet minimally acceptable performance in any of the ten assignments listed in her PIP, including again failing to maintain state profiles. SAppx. 349–55. Thus, substantial evidence supports the arbitrator's findings.

We understand Dr. Parrish to make five arguments on appeal, but none are persuasive. First, Dr. Parrish asserts that her removal was based on false or fraudulent documents and points the court to a list of documents in an unrelated Formal Individual Complaint for Employment Discrimination. *See, e.g.*, Pet. Br. 2, 5, 15, 17–19, 23, 25; Pet. Reply Br. 2–4, 10–11, 13–15. To the extent Dr. Parrish contests the evidentiary burden for her removal, the arbitrator's conclusion that HHS met its burden of proof is supported by substantial evidence. Further, Dr. Parrish does not appear to have argued to the arbitrator that the listed documents were fraudulent, and thus this argument is waived. *See Snyder v. Dep't of Navy*, 854 F.3d 1366, 1375 (Fed. Cir. 2017) ("It is well-established that an agency is not required to respond to arguments that were never made to the agency."). And even if we could consider the list of documents in the Employment Discrimination Complaint, Dr. Parrish fails to explain how any of the documents are false or fraudulent. The only document to which Dr. Parrish raises specific arguments of fraud is a Denial of Within-Grade Increase that she received one week after

the Notice. Appx. 851–53. Dr. Parrish asserts this document incorrectly states that her most recent rating of record was "unacceptable" and incorrectly states the completion date of her 52-week waiting period. *See, e.g.*, Pet. Br. 2, 4–5, 15, 18, 25–26; Pet. Reply Br. 12. But even if this document is inaccurate, it is not relevant to her removal from federal service, and it was not cited or relied on by the arbitrator. As Dr. Parrish's counsel explained in the post-hearing briefing below, the denial of Dr. Parrish's within-grade increase is "not part of the issue at hand." Appx. 454.

Second, Dr. Parrish asserts that the arbitrator erred in finding the testimony of Ms. Williams and Ms. Thomas was credible. *See, e.g.*, Pet. Br. 2; Pet. Reply Br. 1. Credibility determinations, however, are "virtually unreviewable on appeal." *See Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002) (citing *Pope v. U.S. Postal Serv.*, 114 F.3d 1144, 1149 (Fed. Cir. 1997)). Regardless, we are not persuaded that the arbitrator's credibility determinations should be disturbed because Dr. Parrish has not shown that the testimony of Ms. Williams or Ms. Thomas is inherently improbable or discredited by undisputed fact. *See Grubka v. Dep't of the Treasury*, 858 F.2d 1570, 1574 (Fed. Cir. 1988), *abrogated on other grounds by Bieber*, 287 F.3d at 1362 (noting that credibility determinations may be reviewed if the determinations are "inherently improbable or discredited by undisputed fact").

Third, Dr. Parrish argues that her due process rights were violated when she was denied access to her work computer, thus preventing her from fully defending against the proposal to remove. Pet. Br. 3, 9–11, 13–14; Pet. Reply Br. 5. But Dr. Parrish fails to explain how losing access to her work computer inhibited her defense, and she has not identified any information that she was precluded from introducing at the meeting with Ms. Thomas or in

arbitration.  Thus, Dr. Parrish has not persuaded us that her due process rights were violated.

Fourth, Dr. Parrish cites *Santos* to argue she did not meet the requirements to be placed on PIP because her prior annual rating indicated that she achieved expected results, and she had not previously received a poor performance rating or a midterm rating indicating poor performance.  *See, e.g.*, Pet. Br. 10–12, 14–16, 19, 23, 27–28; Pet. Reply Br. 7, 15.  Dr. Parrish misapplies our holding in *Santos*.  There, we explained that an agency imposing a post-PIP termination must prove that the employee's unacceptable performance existed before the PIP and remained unacceptable during the PIP.  *Santos*, 990 F.3d at 1363.  Here, as discussed above, substantial evidence supports the arbitrator's findings that Dr. Parrish's performance was unacceptable before the Notice, remained unacceptable after she was issued the Notice and before she was issued the PIP, and continued to be unacceptable after she received the PIP.

Finally, to the extent Dr. Parrish argues that her ongoing medical issues, as demonstrated by her request for reasonable accommodations, precluded her removal, *see* Pet. Br. 7–9, 28, the arbitrator reasonably found that Dr. Parrish had not submitted medical evidence to substantiate her claim that her mental health was the basis for her poor performance, SAppx. 24.  The Certification of Health Care Provider for Dr. Parrish's FMLA request, for example, stated that Dr. Parrish's condition would not cause periodic episodes that would prevent her from performing her job function.  Appx. 977.  Similarly, the Reasonable Accommodations Coordinator at the Office of Diversity Management and Equal Employment Opportunity advised Ms. Williams that that "there does not appear to be any medical condition that affects [Dr. Parrish's] overall ability to work" and "recommended that [Dr. Parrish's] requests be processed outside of the framework of reasonable accommodation."

Appx. 804. Thus, Dr. Parrish has not convinced us that substantial evidence does not support the arbitrator's finding that no evidence was provided to confirm that Dr. Parrish had a mental disability that impaired her job performance.

## CONCLUSION

We have considered Dr. Parrish's remaining arguments and find them unpersuasive. Substantial evidence supports the arbitrator's decision to uphold Dr. Parrish's removal, and we therefore affirm.

## **AFFIRMED**

### COSTS

No costs.