744 P.2d 13
**STATE of Arizona, Appellant,**

v.

**Gary Wayne RUTHERFORD, Appellee.**

**No. 1 CA–CR 10649.**

Court of Appeals of Arizona,
Division 1, Department A.

Oct. 15, 1987.

Thomas E. Collins, Maricopa Co. Atty. by H. Allen Gerhardt, Deputy Co. Atty., Phoenix, for appellant.

Gary Rutherford, in pro. per.

### OPINION

GRANT, Judge.

The state appeals from the trial court's order modifying appellee Rutherford's probation. This order modified a previous condition of probation which required Ruther-

ford to serve one year "flat" in the county jail. Previously, the parties executed a plea agreement which provided in relevant part that:

> The parties stipulate to the following additional terms: (These stipulations are subject to court approval at the time of sentencing as set forth in paragraph 5.) If the defendant is placed on probation he shall serve one year (flat) in the county jail.

The trial court accepted Rutherford's guilty plea to one count of attempted child molestation, a class 3 felony, and placed him on probation. Pursuant to the agreement, Rutherford's probation required that he be incarcerated in the Maricopa County Jail from November 19, 1985 to November 18, 1986.

After serving most of this jail time, Rutherford requested the trial court to modify this condition and order his release. The tone of this request was not without some urgency. Rutherford, the sole support of his disabled wife and children, lost a high paying job while in the jail's work furlough program. Apparently, Rutherford was to report to work whenever his employer contacted his probation officer and advised him that work was available. For unknown reasons, Rutherford's probation officer failed to arrange for Rutherford's release when work was available. As a result, Rutherford's employer terminated him. Although he secured other work, Rutherford could no longer meet his family's financial obligations.

Rutherford also related serious problems his children were experiencing as a result of his incarceration, and submitted various letters attesting to his rehabilitation. He stated that in the eight and one-half months he was incarcerated, "I have [served] as vice-president of my tank six of those months, and I have not had a writeup nor caused any problems for my probation officers or detention officers."

A hearing was held and the state opposed any modification of the condition of probation, which required incarceration for one calendar year. Relying on *State v. Superior Court*, 125 Ariz. 575, 611 P.2d 928 (1980), limited by *Smith v. Superior Court*, 130 Ariz. 210, 635 P.2d 498 (1981) and *State v. Williams*, 131 Ariz. 411, 641 P.2d 899 (App.1982) (court not bound by sentence agreed to by parties, but had to give parties opportunity to withdraw from plea prior to sentencing), the state argued the trial court did not have jurisdiction to "sentence contrary to the plea (with regard to the jail sentence) at this point in time and defendant's motion must be denied."

The trial court believed the conditions of probation, including the jail term, were discretionary, not jurisdictional, and granted Rutherford's motion. The court set forth many factors evidencing Rutherford's rehabilitation and modified his probation by ordering his release from jail.

The state's motion for reconsideration was denied and a timely notice of appeal filed. Although given ample opportunity, Rutherford did not timely file an answering brief or request appointment of counsel based on indigency to assist him in this matter. Therefore, by this court's previous order, this matter is submitted for consideration and disposition, based upon the record and state's opening brief. We have jurisdiction pursuant to A.R.S. § 13–4032(5).

On appeal, the state contends the trial court lacked jurisdiction to modify Rutherford's probation. The state argues the modification order was in violation of the plea agreement's stipulated sentence. Additionally, the state recognizes Rule 27.2, Arizona Rules of Criminal Procedure, which authorizes a trial court to modify conditions of probation, but argues this authority is limited in this matter by the plea agreement provision.

The state's first argument has at its foundation the rule laid down in *State v. Superior Court*, which states:

> Rule 17.4(d) and (e) gives the court only two options when it is presented with a plea pursuant to a plea agreement. The court may accept the terms of the plea agreement or reject them in their entirety. If the court accepts the plea agreement, it must proceed pursuant to the

agreement. Unless the plea agreement specifically gives the court discretion to do otherwise, the court may not vary the terms of the plea agreement without consent of the parties. There is no authority or jurisdiction for the trial court to impose a sentence contrary to the plea agreement. Since the court lacked jurisdiction to sentence contrary to the plea agreement, the attempted sentence was a nullity and, in law, never imposed.

125 Ariz. at 578, 611 P.2d at 931.

In *State v. Superior Court*, the parties stipulated to specific prison sentences. Based on the stipulation, the trial court was left only with the discretion to accept or reject the terms of the plea agreement. Contrary to the specific stipulation, the trial court imposed a shorter prison sentence. The supreme court held the trial court had no jurisdiction to sentence the defendant contrary to the stipulated sentence, and therefore the attempted sentence was a nullity. *See also, State v. Cagnina*, 113 Ariz. 387, 389, 555 P.2d 345, 347 (1976) (suggesting trial court's discretion in sentencing could be limited where specific sentence is part of plea agreement).

█ What sets this case apart from *State v. Superior Court* is that here the trial court did sentence according to the plea agreement. This agreement gave the trial court discretion as to the sentence imposed, but limited this discretion by agreeing that if Rutherford was placed on probation, he would serve one calendar year in the county jail. The trial court placed Rutherford on probation and required as a condition of probation that he serve one calendar year in the county jail. The state contends that *State v. Superior Court* controls and therefore the trial court had no jurisdiction to modify this condition of probation. We believe the case relied upon by the state to be persuasive but not controlling since it involves a sentence rather than a term of probation. However, we do find that the trial court acted in excess of its authority under rule 27.2 in modifying probation.

█ It is clear a trial court has the authority to modify probation. *See* A.R.S. § 13–901(C) (Laws 1982, ch. 177, § 2); Rule 27.2, Arizona Rules of Criminal Procedure; *Burton v. Superior Court*, 27 Ariz.App. 797, 558 P.2d 992 (1977). However, the discretionary authority given the sentencing court to impose, modify, or revoke probation is limited by several statutory provisions, as well as constitutional due process considerations. *Green v. Superior Court*, 132 Ariz. 468, 471, 647 P.2d 166, 169 (1982). We believe this authority can also be limited by agreement of the parties.

In the instant case, the trial court's authority to modify the condition of probation requiring Rutherford to serve one calendar year in the county jail was expressly limited by the parties' negotiated and subsequently executed plea agreement.

Rule 17.4, Arizona Rules of Criminal Procedure, states in part:

a. *Plea Negotiations.* The parties may negotiate concerning, and reach an agreement on, *any aspect of the disposition* of the case. The court shall not participate in any such negotiation.

. . . .

d. *Acceptance of Plea.* After making such determinations, the court shall either accept or reject the tendered negotiated plea. *The court shall not be bound by any provision in the plea agreement regarding the sentence or the term and conditions of probation to be imposed,* if, after accepting the agreement and reviewing a presentence report, it rejects the provision as inappropriate.

(Emphasis added.) By this language, the state and the defendant may bargain both as to the plea of guilty and as to the sentence to be imposed. This language is broad, *see State v. Reidhead*, 152 Ariz. 231, 233, 731 P.2d 126, 128 (App.1986), and per-

mits the parties to agree to the terms and conditions of probation.[1]

If a sentencing court finds any such provision regarding a term or condition of probation unacceptable, it may reject the provision as inappropriate. Rule 17.4(d), Arizona Rules of Criminal Procedure. The rule does not specifically extend this authority to later reject any provision after it has been accepted by the court.

In this matter, the parties agreed in essence that Rutherford would be incarcerated for a minimum of one calendar year. The trial court had discretion to sentence Rutherford to prison or probation. If the trial judge determined probation was appropriate, the plea agreement required that as a condition of probation, Rutherford serve one calendar year in jail. This provision, accepted by the trial court at sentencing, effectively limited the trial court's authority to later modify this term of Rutherford's probation under rule 27.2, absent agreement of the parties. To hold otherwise would permit a sentencing court to do indirectly that which is prohibited directly. *See, e.g., State v. Murphy*, 113 Ariz. 416, 555 P.2d 1110 (1976); *State v. Pyeatt*, 135 Ariz. 141, 659 P.2d 1286 (App.1982).

From the record it is clear that the one year jail term was the bargained for and agreed upon punishment for this crime. It was not unlawfully imposed. We note a judge does not have the jurisdictional authority to change an otherwise lawful sentence. *See* Rule 24.3, Arizona Rules of Criminal Procedure; *State v. Thomas*, 142 Ariz. 201, 688 P.2d 1093 (App.1984); *State v. Falkner*, 112 Ariz. 372, 542 P.2d 404 (1975). Although the imposition of sentence in this matter has been suspended pursuant to A.R.S. § 13–901, by analogy, given the plea agreement here and the trial court's limited authority to modify a sentence, the judge did not have the authority to reduce the length of the jail term.

Rutherford's efforts at rehabilitation and his contributions to his family's support are commendable. Absent this condition of probation agreed upon by the parties in the plea agreement and accepted by the court, the trial court could be justified in reducing Rutherford's period of incarceration. However, without the state's consent, the parties' stipulation barred the trial court, once it accepted the plea and sentenced defendant, from modifying the condition requiring a one-year jail term under rule 27.2. The holding in this opinion is strictly limited to those plea agreements which set forth a specific period of jail time as part of the negotiated plea bargain. Any further attempt by the prosecutor to control the conditions of probation would be an infringement on the court's jurisdiction over probationers. *See Green v. Superior Court*, 132 Ariz. 468, 470, 647 P.2d 166, 168 (1982) (court could transfer probationer to different jail and modify release time privileges but could not increase jail time beyond length originally imposed at sentencing).

The trial court's order of August 25, 1986 is vacated. Term 17 of probation requiring Rutherford to serve one calendar year in the county jail is reinstated, with credit for time served. This matter is remanded to the trial court for proceedings consistent with this decision.

GREER, P.J., and FROEB, J., concur.

---

1. The broad language of rule 17.4(a) is not without limitation. Public policy may not permit an agreement on every conceivable aspect, term or condition. *E.g., State v. Ethington*, 121 Ariz. 572, 592 P.2d 768 (1979); *State v. Kelly*, 126 Ariz. 193, 196, 613 P.2d 857, 860 (App.1980).