847 P.2d 625

**STATE of Arizona, Appellant,**

v.

**Lisa Renee OATLEY, Appellee.**

**No. 1 CA–CR 92–0572.**

Court of Appeals of Arizona, Division 1, Department D.

Feb. 18, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Richard M. Romley, Maricopa Co. Atty. by Gerald R. Grant, Deputy Co. Atty., Phoenix, for appellant.

Dean W. Trebesch, Maricopa Co. Public Defender by Helene F. Abrams, Deputy Public Defender, Phoenix, for appellee.

## OPINION

GRANT, Presiding Judge.

The appellant, State of Arizona, ("state") appeals from an order denying the State's motion to withdraw from a plea agreement with the appellee, Lisa Renee Oatley ("defendant") at the time of sentencing.

## FACTS AND PROCEDURAL HISTORY

On January 15, 1992, the defendant was indicted by the Maricopa County grand jury for possession of marijuana, a class 6 felony. On February 14, 1992, the defendant entered into a plea agreement with the state whereby she agreed to plead guilty to possession of marijuana, a class 1 misdemeanor. The agreement provided that the defendant would receive probation and would pay a fine in the amount of $750 plus a 40% surcharge to the Arizona Drug Enforcement Account.

At the change of plea hearing the trial court questioned the defendant about the plea agreement and the constitutional rights she was waiving. The defendant acknowledged that the terms of the plea agreement required that she be ordered to pay a fine of $750 plus a 40% surcharge. The trial court found the defendant's plea was knowing, intelligent and voluntary and accepted it.

At the sentencing, the trial court stated that it intended to waive the surcharge and denied the state's request to withdraw from the plea agreement. The trial court then suspended imposition of sentence, placed the defendant on probation for a period of 12 months and ordered her to pay a fine in the amount of $750.00. The trial court declined to impose the 40% surcharge on the ground that the defendant was financially unable to pay. The court specifically found that "financial circumstances warrant the waiver of the surcharge."

The state timely appealed. The state contends that the trial court unlawfully modified the terms of the plea agreement over the state's objection and erred in denying the state's motion to withdraw from the agreement. The state requests that the case be remanded to the trial court

with directions to that court to allow the state to withdraw from the plea agreement.

## ISSUE

The sole issue on appeal is whether the trial court erred in denying the state's motion to withdraw from the plea agreement after the trial court deviated from the stipulated terms of the agreement by waiving the 40% surcharge mandated by Ariz.Rev. Stat.Ann. ("A.R.S.") section 41–2403(A).

## DISCUSSION

■ Parties may negotiate concerning and reaching an agreement on any aspect of the disposition of a case. Rule 17.4(a), Ariz.R. of Crim.P. The court is not bound by any provision in the plea agreement. Ariz.R.Crim.P. Rule 17.4(e). Once the parties reach an agreement and the trial court accepts it, the trial court may not change the agreement's terms without giving both the state and the defendant an opportunity to withdraw. *State v. Superior Court*, 125 Ariz. 575, 611 P.2d 928 (1980).

The state objected to the waiver of the surcharge in this case, informing the trial court that it (1) strenuously objected to the waiver of the surcharge, (2) saw no evidence that this defendant could not pay the surcharge and (3) specifically viewed the surcharge as part of the defendant's penalty.

[4] The trial court has statutory authority to waive all or any part of the penalty assessment if it finds that the payment would work a hardship on the defendant or the defendant's immediate family. A.R.S. § 41–2403(C). Therefore, the trial court acted within its discretion under A.R.S. section 41–2403(A).

■ However, the state must be allowed an opportunity to withdraw from the plea agreement under these circumstances. Without the state's consent, the parties' stipulation in the plea agreement bars the trial court, once it has accepted the plea, from modifying a condition of the agreement. Unless the plea agreement specifically gives the court discretion to do other-

wise, the court may not vary the terms of the plea agreement without consent of the parties. There is no authority for the court to impose a sentence contrary to the plea agreement. *State v. Williams*, 131 Ariz. 411, 641 P.2d 899 (App.1982). When a judge improperly increased the agreed-upon amount of restitution to be paid this court remanded the matter saying:

> The sentencing judge may reinstate the plea agreement and provide for restitution in the amount recommended by the probation department.... If the sentencing judge chooses to vary the terms of appellant's plea agreement, he must be given an opportunity to withdraw his plea pursuant to Rule 17.4 Ariz. R.Crim.P.

*State v. Hawkins*, 134 Ariz. 403, 406, 656 P.2d 1264, 1267 (App.1982).

This court has held that "like a fine which has been established as a criminal penalty, the surcharge on a fine is a criminal penalty." *State v. Beltran*, 170 Ariz. 406, 825 P.2d 27 (App.1992).

The presentence report prepared for the trial court stated "a 40% surcharge is not being recommended so that she [defendant] can concentrate on future educational expenses." At sentencing the court discussed the defendant's financial situation at length, after which it found that the surcharge would inflict a hardship. The defendant argues that because A.R.S. section 41–2403(C) allows the judge to waive the penalty assessment, the case must be affirmed. *State v. Patel*, 160 Ariz. 86, 770 P.2d 390 (1989). In *Patel* the state appealed from the trial court order granting an early termination of probation. The state argued that because the trial court had accepted the plea agreement, which contained a stipulation that the defendant would be placed on probation for five years, the court could not terminate probation after two years. This court held that the state cannot control the length of a defendant's probation because it infringes on the court's authority and jurisdiction over probationers in general and therefore is against public policy and is prohibited by

statute. *State v. Rutherford*, 154 Ariz. 486, 744 P.2d 13 (App.1987).

 The defendant's reliance on *Patel* does not support her position. Probation is a matter over which courts have continuing jurisdiction. A fine is part of the punishment and sentence. Therefore the state must be given the opportunity to withdraw from this plea agreement if it chooses. The case is remanded for that purpose.

CONTRERAS and CLABORNE, JJ., concur.