# United States Court of Appeals for the Federal Circuit

———————————

**ANGEL CANAVA,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

———————————

2015-3083

———————————

Petition for review of an arbitrator's decision by Samuel Vitaro.

———————————

Decided: April 5, 2016

———————————

JIM CALLE, Law Office of Jim E. Calle, P.C., Tucson, AZ, argued for petitioner.

EMMA BOND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BENJMAIN C. MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE; ERIC J. MCNEILUS, Office of Assistant Chief Counsel, United States Department of Homeland Security, Tucson, AZ.

———————————

Before LOURIE, DYK, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge*.

Angel Canava was removed from his position as a U.S. Border Patrol Agent pursuant to 5 U.S.C. § 7371, which mandates the removal of any law enforcement officer who is convicted of a felony. He appeals the Arbitrator's decision upholding his removal. Because the Arbitrator did not err in finding that Mr. Canava was convicted of a felony for purposes of 5 U.S.C. § 7371, we affirm.

I

On April 3, 2013, Mr. Canava was indicted on two felony counts. On June 11, 2013, Mr. Canava entered into a plea agreement with the State of Arizona in which he pleaded guilty to "Amended Count One: Unlawful Imprisonment by Strangulation, Domestic Violence, a class six undesignated offense," in violation of Arizona Revised Statute (A.R.S.) § 13-1303(A) and (C). J.A. 168–73. On August 5, 2013, judgment was entered against Mr. Canava for the "undesignated offense" of unlawful imprisonment. *Id.* at 181.

On August 15, 2013, the Department of Homeland Security (DHS) proposed to remove Mr. Canava from federal service pursuant to 5 U.S.C. § 7371, which mandates removal of federal law enforcement officers if they are convicted of a felony. The removal notice stated that "[p]ursuant to Arizona Law, A.R.S. § 13-604, this conviction is a felony conviction for all purposes until the offense is affirmatively designated a misdemeanor by the Court." *Id.* at 164.

On August 16, 2013, Mr. Canava submitted a written reply to DHS arguing, among other things, that 5 U.S.C. § 7371 did not apply and could not be the basis for his removal because he pleaded guilty to an "undesignated offense" and not a felony. According to Mr. Canava, until a judge designated his offense a felony, he had not been

convicted of a felony. DHS disagreed and immediately removed Mr. Canava from federal service.

On August 30, 2013, Mr. Canava timely invoked arbitration. He again argued that he was not convicted of a felony, but only an undesignated offense that is treated like a felony. On December 16, 2014, the Arbitrator found that Mr. Canava had been convicted of a felony and sustained his removal.

Mr. Canava appeals. We have jurisdiction pursuant to 5 U.S.C. §§ 7121(f) and 7703(b)(1).

## II

"We review an arbitrator's decision under the same standard of review that is applied to decisions from the Merit Systems Protection Board." *Appleberry v. Dep't of Homeland Sec.*, 793 F.3d 1291, 1295 (Fed. Cir. 2015) (quoting *Johnson v. Dep't of Veterans Affairs*, 625 F.3d 1373, 1376 (Fed. Cir. 2010)). "Thus, we must affirm the decision of the arbitrator unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Id.* (quoting 5 U.S.C. § 7703(c) (internal quotation marks omitted)).

Prior to the enactment of the current version of 5 U.S.C. § 737l, law enforcement officers convicted of felonies could be removed by their employing agencies, but the agencies were not required to do so. *See* 146 Cong. Rec. S2617 (daily ed. Apr. 12, 2000) (statement of Sen. Grassley). As enacted, 5 U.S.C. § 7371 requires the mandatory and immediate removal of a law enforcement

officer who is convicted of a felony.[1]  "Any law enforce-
ment officer who is convicted of a felony shall be removed
from employment as a law enforcement officer on the last
day of the first applicable pay period following the convic-
tion notice date."  5 U.S.C. § 7371(b).  "Conviction notice
date" is defined as the date on which the employing
agency receives "notice that the officer has been convicted
of a felony that is entered by a Federal or State
court . . . ."  *Id.* § 7371(a)(1).  Moreover, the removal is
mandatory even if the conviction is not yet final because it
has been appealed.  *Id.*[2]

## A

Mr. Canava asserts that the Arbitrator erred in sus-
taining his removal because he was not convicted of a
felony as required by 5 U.S.C. § 7371, but instead was
convicted of an "undesignated offense."  Pet. Br. 9.  Addi-
tionally, he contends that the undesignated offense he
pleaded guilty to was not pursuant to A.R.S. § 13-604(A),
which sets forth procedures by which the state court can
designate certain class six felony convictions as misde-
meanors or refrain from designation until a term of pro-
bation is completed.  Although Mr. Canava's plea
agreement provided that the offense would remain "un-
designated" and "open-ended," we agree with the Arbitra-
tor and conclude that Mr. Canava was convicted of a class
six felony pursuant to A.R.S. § 13-604(A).

The Arizona Criminal Code defines "felony" as "an of-
fense for which a sentence to a term of imprisonment in

---

[1]    There is no dispute that pleading guilty to a felo-
ny offense constitutes a conviction for purposes of 5 U.S.C.
§ 7371.

[2]    A separate provision provides for reinstatement
and back pay if the conviction is overturned on appeal.  5
U.S.C. § 7371(d).

the custody of the state department of corrections is *authorized* by any law of this state." A.R.S. § 13-105(18) (emphasis added). A class six felony carries a presumptive sentence of one year imprisonment, with a mitigated sentence of 0.33 years and an aggravated sentence of two years. *Id.* § 13-702(D).

However, under A.R.S. § 13-604(A), a trial judge has three options when sentencing a defendant for a non-repetitive, non-dangerous class six offense: (1) designate the offense a felony and sentence accordingly; (2) designate the offense a class one misdemeanor if a felony sentence is "unduly harsh," and sentence accordingly; or (3) place the defendant on probation and leave the offense undesignated until the completion of probation. A.R.S. § 13-604(A); s*ee also State v. Diaz*, 173 Ariz. 270, 272 (1992) (interpreting A.R.S. § 13-702(H), the predecessor statute to A.R.S. § 13-604(A)). When a class six felony is left undesignated at sentencing, it is treated as a felony conviction until such time that the judge enters an order designating the offense a misdemeanor. A.R.S. § 13-604(A).

Thus, although the plea agreement provided that the offense would remain "undesignated" and "open-ended," the language of the plea agreement compels the conclusion that Mr. Canava pleaded guilty to a felony for purposes of 5 U.S.C. § 7371. Application of 5 U.S.C. § 7371 depends only on whether the conviction constitutes a felony at the time of conviction, regardless of whether it is ultimately downgraded to a misdemeanor. The statutory sentencing range outlined in Mr. Canava's plea agreement matches the statutory sentencing range for class six felonies under Arizona law. *Compare* J.A. 168 *with* A.R.S. § 13-702(D). The plea agreement also notes that the "available term of probation for a Class SIX Felony is THREE (3) years" and requires that Mr. Canava serve three years of supervised probation. *Compare* J.A. 168–69 *with* A.R.S. § 13-902(A)(4) ("Unless terminated sooner,

probation may continue for the following periods: For a
class 5 or 6 felony, three years."). Therefore, the Arbitra-
tor did not err in finding that Mr. Canava was convicted
of a class six felony because Mr. Canava was convicted of
an offense "for which a sentence to a term of imprison-
ment was . . . *authorized*" and the sentence imposed was
commensurate with the sentence prescribed for a class six
felony.

Moreover, we conclude that Mr. Canava's plea agree-
ment was entered into pursuant to A.R.S. § 13-604(A),
such that the undesignated offense may be treated as a
felony for all purposes until it is designated as a misde-
meanor. In *State v. Arana*, the Arizona Supreme Court
stated that the benefit of A.R.S. § 13-604(A) and its prede-
cessor statute "is the potential for designation of a felony
as a misdemeanor at some future date, not immunity
from felony sanctions at the time of sentencing." 173
Ariz. 370, 371 (1992). Thus, a defendant convicted of an
undesignated offense pursuant to the procedures set forth
in A.R.S. § 13-604(A) faces the same consequences as if he
were convicted of a felony *until* such time that the offense
is affirmatively designated as a misdemeanor.

Although the plea agreement does not specifically rely
on A.R.S. § 13-604(A), the procedures set forth in A.R.S.
§ 13-604(A) are duplicated in the plea agreement. The
plea agreement gave the judge the discretion to (1) desig-
nate the offense as a felony, (2) designate the offense as a
misdemeanor, or (3) place Mr. Canava on probation and
defer designation of the offense. *Compare* J.A. 169 *with*
A.R.S. § 13-604(A). Moreover, the plea agreement notes
that if the judge were to place Mr. Canava on probation
and leave the offense undesignated, the offense may *not*
be designated a misdemeanor until the probation period is
terminated. J.A. 169.

As the Arbitrator noted, A.R.S. § 13-604(A) is the only
authority in which trial judges are granted the discretion

to defer designation of an offense. While Mr. Canava is correct that parties to a plea agreement may negotiate the designation of a class six non-dangerous, non-repetitive offense pursuant to the Arizona Rules of Criminal Procedure, "the trial court is not bound by any sentencing provision in a plea agreement [that] it finds inappropriate." *State v. Corno*, 179 Ariz. 151, 154–55 (App. 1994). For example, if the parties stipulated to a felony designation in the plea agreement but the trial court finds that it would be unduly harsh to designate the offense as a felony, the judge can reject the plea agreement. *Id.* at 155. Thus, the ultimate determination as to whether a class six non-dangerous, non-repetitive offense may remain undesignated pending the successful completion of probation is within the province of the trial court pursuant to A.R.S. § 13-604(A).

Therefore, because Mr. Canava was convicted of an undesignated offense pursuant to A.R.S. § 13-604(A), the offense may be treated as a felony for all purposes, including the basis for his removal under 5 U.S.C. § 7371.

## B

Mr. Canava also argues that the Arbitrator's decision violated the Supremacy Clause by expanding 5 U.S.C. § 7371's mandate that an individual be convicted of an actual felony and not simply an undesignated offense treated as a felony under Arizona law. Although presented as a Supremacy Clause argument, Mr. Canava is simply repeating his previous argument—that an undesignated offense cannot be considered a felony conviction for purposes of 5 U.S.C. § 7371. If the Arbitrator had improperly expanded the definition of 5 U.S.C. § 7371, it would be an error in statutory interpretation. It would not, however, be a violation of the Supremacy Clause, which generally places limits on the States, not on the federal government applying a federal statute.

In any event, we see no conflict between Arizona law and 5 U.S.C. § 7371. Mr. Canava was convicted of an undesignated offense that, under Arizona law, carried the same punishment as a class 6 felony—a presumptive sentence of one year imprisonment, with a mitigated sentence of 0.33 years and an aggravated sentence of two years. A.R.S. § 13-702(D). The Supreme Court has defined "felony" for purposes of federal law as a "serious crime usu[ally] punishable by imprisonment for more than one year or by death." *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 574 (2010) (quoting Black's Law Dictionary (9th ed. 2009)). We need not decide whether the meaning of felony under 5 U.S.C. § 7371 is determined by federal or state law, because in this case Mr. Canava was convicted of an offense that qualifies as a felony under both.

### III

Because we find no error in the Arbitrator's decision, we affirm.

**AFFIRMED**