IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**STATE OF ARIZONA,**

*Appellant,*

*v.*

**DANIEL LOUIS SANTILLANES,**

*Appellee.*

No. CR-23-0042-PR
**Filed January 23, 2024**

Appeal from the Superior Court in Maricopa County
The Honorable Jennifer C. Ryan-Touhill, Judge
No. CR2011-108577-001
**REMANDED**

Opinion of the Court of Appeals, Division One
522 P.3d 691 (App. 2022)
**VACATED IN PART**

COUNSEL:

Rachel Mitchell, Maricopa County Attorney, Krista Wood (argued), Deputy County Attorney, Maricopa County Attorney's Office, Phoenix, Attorneys for State of Arizona

Derek Debus (argued), Craig Rosenstein, Kenneth Misajet, Rule 39(c) Certified Law Student, Stone Rose Law PLLC, Scottsdale, Attorneys for Daniel Louis Santillanes

Sarah L. Mayhew (argued), Tucson City Public Defender's Office, Tucson, Attorney for Amicus Curiae Arizona Attorneys for Criminal Justice; and Julie R. Gunnigle, Law Office of Julie Gunnigle, PLLC, Scottsdale, Attorney for Amicus Curiae National Organization for the Reform of Marijuana Laws

---

JUSTICE KING authored the Opinion of the Court, in which CHIEF JUSTICE BRUTINEL, VICE CHIEF JUSTICE TIMMER, and JUSTICES BOLICK, LOPEZ, BEENE, and PELANDER (RETIRED) joined.[*]

---

JUSTICE KING, Opinion of the Court:

¶1 In 2011, Daniel Santillanes pleaded guilty to one felony count of facilitation to commit sale or transportation of marijuana. Nine years later, Arizona voters adopted Proposition 207, known as the Smart and Safe Arizona Act (the "Act"). The Act authorizes a trial court to expunge an individual's records pertaining to certain marijuana-related offenses. *See* A.R.S. § 36-2862. After the Act's effective date, Santillanes filed a petition seeking the expungement of all records relating to his felony marijuana conviction and the restoration of his civil rights, including the right to possess a firearm. The trial court granted his petition.

¶2 The sole issue before us is whether the State has the right to appeal the trial court's order granting Santillanes's request for expungement and restoration of his civil rights, or whether it may seek relief only through a petition for special action. We conclude that the State has the right to appeal this expungement order under A.R.S. § 13-4032(4).

---

[*] Justice William G. Montgomery has recused himself from this case. Pursuant to article 6, section 3 of the Arizona Constitution, Justice John Pelander (Ret.) of the Arizona Supreme Court was designated to sit in this matter.

**BACKGROUND**

¶3          In 2011, the State charged Santillanes with (1) possession of "four pounds or more" of marijuana for sale, a class 2 felony; (2) possession or use of "less than two pounds" of marijuana, a class 6 felony; (3) possession of drug paraphernalia, a class 6 felony; and (4) possession or use of narcotic drugs (cannabis), a class 4 felony.   Santillanes pleaded guilty to an amended count one: facilitation to commit sale or transportation of marijuana, a class 6 designated felony ("2011 conviction").   As part of his guilty plea, the State dismissed counts two, three, and four.   At a hearing, counsel for Santillanes stated the following factual basis for Santillanes's guilty plea: "On or about February 17, 2011, Santillanes did provide the means or opportunity to another to sell or transport marijuana."   The State indicated that it did not "have anything to add or correct."   The trial court accepted Santillanes's guilty plea and placed him on two years' probation with a three-month jail term as a condition of probation.   The court also ordered him to complete twenty-four hours of community service, participate in substance abuse counseling, and pay various fees and fines. Santillanes subsequently completed the term and conditions of probation.

¶4          The Act permits either an individual, or a "prosecuting agency . . . on behalf of any individual who was prosecuted by that prosecuting agency," to petition the court to have the individual's records of certain marijuana-related offenses expunged.   § 36-2862(A), (I).   The prosecuting agency may object to the petition and request a hearing. § 36-2862(B)(1), (2).   The Act instructs that the court "shall grant the petition unless the prosecuting agency establishes by clear and convincing evidence that the petitioner is not eligible for expungement." § 36-2862(B)(3).

¶5          In 2021, Santillanes filed a petition requesting that the court expunge "the record of arrest, charge, adjudication, conviction and sentence relating to [his 2011] conviction," citing § 36-2862.   In addition, Santillanes asked the court to "restore all of his civil rights—including the right to possess a firearm."

¶6          The State objected to Santillanes's petition, arguing that the weight of the marijuana involved in his offense exceeded the 2.5-ounce limit set forth in § 36-2862(A).   *See* § 36-2862(A)(1) (authorizing the expungement of certain records of the "arrest, charge, adjudication,

conviction or sentence" for "[p]ossessing, consuming or transporting two and one-half ounces or less of marijuana"). The State claimed that "[t]his case involved over 10 pounds of marijuana" and, citing the original charging documents, presentence report, and police report, pointed out that Santillanes was originally "charged with possessing an amount over four pounds."

¶7 The trial court granted Santillanes's petition for expungement without a hearing. The court also restored Santillanes's civil rights, including his right to possess a firearm. The State appealed.

¶8 The court of appeals held that "the State does not have statutory authority to appeal an order granting expungement but may seek review via a special action." *State v. Santillanes*, 254 Ariz. 301, 304 ¶ 1 (App. 2022). The court reasoned that § 13-4032 "sets forth the exclusive grounds on which the State may appeal in criminal cases," but the subsections upon which the State relied—§ 13-4032(1), (4), and (7)—do not give the State the right to appeal an expungement order. *Id.* at 305–06 ¶¶ 9–17 (internal quotation marks omitted) (quoting *State v. Hansen*, 237 Ariz. 61, 64 ¶ 5 (App. 2015)). Further, although § 36-2862 provides "a right to appeal from orders *denying* expungement," it "provides no avenue for a petitioner, or anyone, to appeal an order *granting* an expungement." *Id.* at 306 ¶¶ 18–19.

¶9 Nonetheless, the court of appeals exercised its discretion to review the State's appeal as a special action. *Id.* at 306–07 ¶¶ 20–21. The court determined that the trial court erred by (1) failing to hold a hearing on Santillanes's petition, and (2) not making adequate findings of fact and conclusions of law in the expungement order. *Id.* at 308–09 ¶¶ 30, 35. The court of appeals vacated the trial court's expungement order and remanded for further proceedings. *Id.* at 309 ¶ 36.

¶10 The State filed a petition for review on the sole issue of whether § 13-4032(4) allows it to appeal an order granting a petition for expungement pursuant to § 36-2862. We granted review because there are conflicting court of appeals' decisions on this issue and it is one of statewide importance. *Compare Santillanes*, 254 Ariz. at 305–06 ¶¶ 11–15, *with State v. Wanna*, 1 CA-CR 21-0438, 2023 WL 2318465, at *2 n.3 (Ariz. App. Mar. 2, 2023) (mem. decision) ("Because the expungement of a conviction affects a substantial right of the state, we respectfully depart from the holding in

*Santillanes.*"). We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.

**DISCUSSION**

**¶11**         "We review questions of statutory interpretation de novo." *State v. Jones*, 246 Ariz. 452, 454 ¶ 5 (2019) (quoting *Reed-Kaliher v. Hoggatt*, 237 Ariz. 119, 122 ¶ 6 (2015)). Where the language of a statute passed by voter initiative "is clear and unambiguous, we apply its plain meaning and the inquiry ends." *Id.*

**A. Does A.R.S. § 36-2862(F) Preclude The State's Right To Appeal Under A.R.S. § 13-4032(4)?**

**¶12**         The court of appeals' jurisdiction is addressed in article 6, section 9 of the Arizona Constitution: "The jurisdiction, powers, duties and composition of any intermediate appellate court shall be as provided by law." Section 13-4032 defines the various grounds upon which the state may appeal in criminal cases. Here, the State argues that it has the right to appeal Santillanes's expungement order under § 13-4032(4), which provides that "[a]n appeal may be taken by the state from . . . [a]n order made after judgment affecting the substantial rights of the state or a victim."

**¶13**         However, Santillanes claims that § 36-2862(F) provides the exclusive grounds upon which an appeal may lie with respect to petitions for expungement under the Act. *See* § 36-2862(F) ("If the court denies a petition for expungement, the petitioner may file a direct appeal pursuant to § 13-4033, subsection A, paragraph 3.").

**¶14**         We cannot read § 36-2862(F) in isolation. For over 100 years, the state has had the right to appeal an "order made after judgment affecting the substantial rights of the state." *See State v. McKelvey*, 30 Ariz. 265, 267 (1926) (explaining that this provision existed in Arizona Penal Code § 1155(5) (1913)). That right still exists today in § 13-4032(4), which the Act left entirely undisturbed.

5

¶15          In the context of statutory construction, this Court has emphasized:

> [R]epeal of statutes by implication is not favored in the law. In *State ex rel. Larson v. Farley*, we held that if it is reasonably practical, a statute should be explained in conjunction with other statutes to the end that they may be harmonious and consistent; and, if statutes relate to the same subject and are thus *in pari materia*, they should be construed together with other related statutes as though they constituted one law. Unless a statute, from its language or effect, clearly requires the conclusion that the legislature must have intended it to supersede or impliedly repeal an earlier statute, courts will not presume such an intent. Also, when reconciling two or more statutes, courts should construe and interpret them, whenever possible, in such a way so as to give effect to all the statutes involved.

*Pima County ex rel City of Tucson v. Maya Constr. Co.*, 158 Ariz. 151, 155 (1988) (internal citations omitted) (cleaned up).   This is our role regardless of whether a statute was enacted by voter initiative (like § 36-2862(F)), *see* Ariz. Const., art. 4, pt. 1, § 1(2), or by the legislature (like § 13-4032(4)), *see* Ariz. Const., art. 4, pt. 1, § 1(1).   *See Cave Creek Unified Sch. Dist. v. Ducey*, 233 Ariz. 1, 4 ¶ 8 (2013) ("The legislature and electorate 'share lawmaking power under Arizona's system of government.'" (quoting *Ariz. Early Childhood Dev. & Health Bd. v. Brewer*, 221 Ariz. 467, 469 ¶ 7 (2009))).

¶16          Santillanes's reading of § 36-2862(F) would effectuate a repeal by implication of § 13-4032(4) in all expungement cases.   But this Court has repeatedly made clear that "repeals by implication are not favored, and will not be indulged, if there is any other reasonable construction."   *S. Pac. Co. v. Gila County*, 56 Ariz. 499, 502 (1941) (quoting *Rowland v. McBride*, 35 Ariz. 511, 520 (1929)); s*ee also State v. Rice*, 110 Ariz. 210, 213 (1973) ("[O]ur duty is to harmonize statutes and we 'will not construe a statute as repealed by implication' if we can avoid it." (quoting *State ex rel. Purcell v. Superior Court*, 107 Ariz. 224, 227 (1971))); *State Land Dep't v. Tucson Rock & Sand Co.*, 107 Ariz. 74, 77 (1971) ("It is the rule, one so solidly embedded in American jurisprudence to be without exception, that a court will not construe a statute as repealed by implication by another if it can avoid doing so on any reasonable hypothesis.").   Here, there is no conflict between § 36-2862(F)

and § 13-4032(4), and there is a reasonable construction that gives effect to all statutory provisions.

**¶17**    Section 36-2862(F) states: "*If the court denies a petition for expungement*, the petitioner may file a direct appeal . . . ."    (Emphasis added.)    The italicized prefatory language provides guidance to represented and self-represented petitioners alike—whether an individual or a prosecuting agency filing a petition under § 36-2862(I)—about how to challenge the *denial* of a petition for expungement.   In such an instance, "the petitioner may file a direct appeal pursuant to § 13-4033, subsection A, paragraph 3."    *See* § 36-2862(F) (citing § 13-4033(A)(3) ("An appeal may be taken by the defendant only from . . . [a]n order made after judgment affecting the substantial rights of the party.")).

**¶18**    Section 36-2862(F) adds something not previously available under Arizona law.   Individuals who are arrested but never charged are not a "defendant" with an "order made after judgment" under § 13-4033(A)(3), and thus that provision alone does not give such individuals the right to appeal the denial of an expungement petition. Section 36-2862(F) now makes clear that all petitioners, including those arrested but never charged, may appeal such an order.   In addition, because § 36-2862 does not appear in the criminal code, subsection (F) removes any doubt that the denial of a petition for expungement affects the substantial rights of a petitioner.   *See State v. Bowsher*, 225 Ariz. 586, 589 ¶ 14 (2010) ("When construing two statutes, this Court will read them in such a way as to harmonize and give effect to all of the provisions involved.").

**¶19**    Further, § 36-2862(F) does not address situations where the court *grants* a petition for expungement, nor does it attempt to modify or eliminate the state's longstanding right to appeal under § 13-4032(4).   If voters sought to amend or reject § 13-4032(4) in the expungement context, we would expect that § 36-2862 would refer to § 13-4032(4) or at least indicate that *only* a petitioner may file a direct appeal in expungement cases. Section 36-2862 does not do so.   Accordingly, § 36-2862(F) does not "from its language or effect, clearly require[] the conclusion that the [electorate] must have intended it to supersede or impliedly repeal" § 13-4032(4).   *See Maya Constr. Co.*, 158 Ariz. at 155.   And we "will not presume such an intent."   *See id.*

**¶20**        Santillanes argues that "where general statutes conflict with special statutes on the same subject, the special statute controls," citing the general/specific canon of construction.    That canon applies "[i]f there is a conflict between a general provision and a specific provision," in which case "the specific provision prevails."    Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 183 (2012); *see also State v. Jones*, 235 Ariz. 501, 503 ¶ 8 (2014) ("When 'two conflicting statutes cannot operate contemporaneously, the more recent, specific statute governs over an older, more general statute.'" (quoting *UNUM Life Ins. Co. v. Craig*, 200 Ariz. 327, 333 ¶ 29 (2001))).    But here, we do not apply the general/specific canon because, as noted above, there is no conflict in the first place.    Section 36-2862(F) explicitly applies to the *denial* of a petition for expungement. Section 13-4032(4) continues to apply in cases, as here, where the trial court *grants* a petition for expungement.

**¶21**        Amici contend that § 36-2862(F) excludes the state's right to appeal because of the rule that "[i]n general, when the legislature (or voters) expressly prescribes a list in a statute (or initiative), 'we assume the exclusion of items not listed.'"    *State v. Maestas*, 244 Ariz. 9, 13 ¶ 15 (2018) (quoting *State v. Ault*, 157 Ariz. 516, 519 (1988)).    But this rule does not apply here, because § 36-2862(F) does not contain an expressly prescribed list regarding a right to appeal.    It is unlike the "list of locations where the legislature may impose 'civil, criminal or other penalties'" in the Arizona Medical Marijuana Act, as addressed in *Maestas*.    *See id.* (citing A.R.S. § 36-2802(B)(1)–(3)).

**¶22**        Therefore, § 36-2862(F) does not preclude the state from appealing an order granting an expungement petition.    We must now decide whether § 13-4032(4) authorizes the state to appeal such orders as "[a]n order made after judgment affecting the substantial rights of the state or a victim."

## B. Does An Expungement Order Pertaining To Records Of A Felony Conviction Affect The Substantial Rights Of The State?

**¶23**        "Historically, appeals by the state in criminal matters have not been favored and are allowed only when that right is clearly provided by constitution or statute."    *State ex rel. McDougall v. Gerber*, 159 Ariz. 241, 242 (1988).    Thus, "[i]n the absence of a constitutional provision or statute conferring the state's right to appeal, an appellate court has no subject

matter jurisdiction to consider that appeal." *State v. Dawson*, 164 Ariz. 278, 280 (1990); *see also State v. Moore*, 48 Ariz. 16, 18 (1936) ("The right of appeal in criminal cases is not known to the common law and exists, if at all, by virtue of some constitutional or statutory provision.").

¶24 Here, the parties agree that whether the State has the right to appeal turns on the meaning of § 13-4032(4), which permits an appeal from "[a]n order made after judgment affecting the substantial rights of the state or a victim." The State contends that the order granting Santillanes's petition for expungement meets the requisite standard in § 13-4032(4) because it is one "affecting the substantial rights of the state." Santillanes claims, however, that the expungement order does not affect the State's substantial rights.

¶25 Arizona statutes and court opinions do not provide a precise definition of "substantial rights," but courts have found several circumstances that implicate the substantial rights of the state. *See State v. Lewis*, 224 Ariz. 512, 513 ¶ 1, 514 ¶¶ 9–10 (App. 2010) (addressing termination of probation); *State v. Cowles*, 207 Ariz. 8, 8–9 ¶¶ 1–2 (App. 2004) (addressing order releasing defendant from incarceration); *State v. Corno*, 179 Ariz. 151, 153 (App. 1994) (addressing denial of motion to withdraw from a plea agreement, and concluding a "'substantial right' is implicated because the state ordinarily may withdraw from a plea agreement when the trial court rejects a sentencing stipulation").

¶26 This Court addressed the substantial rights of the state in *McKelvey*, a case in which the defendant was convicted, sentenced to imprisonment for nine months, and ordered to pay a $250 fine. 30 Ariz. at 265–66. Partially into his prison term, the trial court issued an order suspending the remainder of his sentence conditioned on him paying $150, maintaining good behavior, remaining employed, and supporting his family. *Id.* at 266. He was released from custody. *Id.* The state appealed. *Id.* This Court determined that the order "did affect the substantial rights of the state," as required by § 13-4032(4)'s predecessor statute then in effect. *Id.* at 267 (citing Ariz. Penal Code § 1155(5) (1913) ("An appeal may be taken by the state . . . from an order made after judgment affecting the substantial rights of the state.")). Specifically, "[b]y such order defendant was released from further imprisonment under the sentence and judgment imposed by the court. The state has the right to

have that sentence carried out, unless in some legal manner defendant is relieved from the penalty thereof." *Id.*

**¶27** Santillanes contends that his case differs from *McKelvey* because he completed the term and conditions of probation, and therefore the expungement order does not affect the "substantial rights of the state" under § 13-4032(4).[1] We disagree.

**¶28** The electorate substantially and directly involved the state throughout the Act's statutory expungement scheme codified in § 36-2862. More specifically, the state (1) may file a petition for expungement, (2) receives notice of the filing of a petition, (3) may object to a petition, (4) may request an evidentiary hearing and present evidence at such hearing, and (5) has the burden of establishing by clear and convincing evidence that the petitioner is not eligible for expungement. § 36-2862(B)(1), (B)(2)(a), (B)(3), (I).

**¶29** In this context, it is significant that the electorate authorized the expungement of *only certain* marijuana offenses—those expressly specified in § 36-2862(A)(1)–(3). *See* § 36-2862(A)(1) ("[p]ossessing, consuming or transporting two and one-half ounces or less of marijuana, of which not more than twelve and one-half grams was in the form of marijuana concentrate"); § 36-2862(A)(2) ("[p]ossessing, transporting, cultivating or processing not more than six marijuana plants at the individual's primary residence for personal use"); § 36-2862(A)(3) ("[p]ossessing, using or transporting paraphernalia relating to the cultivation, manufacture, processing or consumption of marijuana"). The state explicitly has the authority to contest expungement petitions and to ensure that expunged records of arrests, charges, adjudications, convictions, and sentences are for the specific offenses statutorily eligible for expungement under § 36-2862(A)(1)–(3). The state's substantial and

---

[1] Under § 36-2862(A), a convicted defendant may seek the expungement of records before he has fulfilled all terms of his sentence or probation (e.g., imprisonment, fines, or restitution). *See* § 36-2862(A). Although Santillanes completed probation, other expungement orders that interfere with the state's "right to have th[e] sentence carried out" would affect the substantial rights of the state under § 13-4032(4). *See McKelvey*, 30 Ariz. at 265–67.

direct involvement allows it to review and take legal measures to ensure that only those specified offenses are expunged. No reason appears why the electorate would grant the state a significant role in the expungement process, yet simultaneously create a process that implicitly eliminates the state's appeal rights.

¶30 But Santillanes claims that the substantial rights of the state are affected only if its procedural rights in the expungement process are denied. For example, if the state requested and was denied the right to introduce evidence in a proceeding, this denial would affect a substantial right of the state. But, according to Santillanes, after the state has been afforded its procedural rights, an order granting expungement does not affect the state's substantial rights. Therefore, in this case, Santillanes claims that the State at most has a substantial interest, but not a substantial right.

¶31 We conclude that Santillanes's expungement order does in fact affect a substantial right of the State. As the court of appeals explained in *Wanna*, "[t]he state has a substantial right to ensure that defendants face the legal consequences of their convictions." 2023 WL 2318465, at *2 ¶ 8. In addressing Wanna's felony conviction, the court concluded that "the state has a substantial right to preserve the host of legal consequences that conviction records may carry." *Id.* at *2 ¶ 8, 3 ¶ 12 (citing A.R.S. § 13-701(D)(11), A.R.S. § 13-703, and § 36-2862(D), among other statutes); *see also* Ariz. R. Sup. Ct. 111(c)(1)(C) (authorizing citation of unpublished memorandum decisions "for persuasive value").

¶32 Indeed, Arizona law allows a prior felony conviction to be used for aggravation and enhancement of a sentence. *See State v. Cota*, 229 Ariz. 136, 152 ¶ 85 (2012) ("Use of a prior felony conviction for aggravation and enhancement is expressly authorized by A.R.S. §§ 13-701(D)(11) and 13-703."); § 13-703 (categorizing "repetitive offenders" and setting forth distinct sentencing ranges for different categories of "repetitive offenders" with felony convictions); *see also* § 13-701(D)(11), (F) (providing that the court shall determine and consider as an aggravating circumstance the fact that a defendant was "previously convicted of a felony within the ten years immediately preceding the date of the offense" and should take this into account when determining the sentence for a felony conviction).

¶33 Under the Act, however, an expunged conviction "may not be used in a subsequent prosecution by a prosecuting agency or court for any purpose." § 36-2862(D). Where the state has pursued and obtained a felony conviction, it has a substantial right in ensuring that its statutory authority to use a prior felony conviction for enhancement or aggravation of a subsequent sentence is not improperly eliminated by virtue of an erroneous expungement. *See Wanna*, 2023 WL 2318465, at *1–2 ¶¶ 7–8. An erroneous expungement would include, for example, one that expunges records of a conviction for possession of *more* than two and one-half ounces of marijuana, which is ineligible for expungement under § 36-2862(A)(1). The state has a substantial right in ensuring that the legal consequences of a felony conviction are lawfully preserved, a right that is comparable to the one addressed in *McKelvey*. *See McKelvey*, 30 Ariz. at 267.

¶34 Santillanes maintains that *McKelvey*'s vitality diminished after this Court developed the Arizona Rules of Procedure for Special Actions. But those rules, which provide a process for a party to seek relief from a court order through a discretionary special action, do not affect whether an expungement order affects a "substantial right" of the state, thus permitting it to appeal under the state's longstanding right to appeal under § 13-4032(4). *See* Ariz. R. P. Spec. Act. 1(a), (3). Further, contrary to Santillanes's claim, *McKelvey* has not been superseded by the addition of § 13-4032(5) (allowing the state to appeal a "sentence on the grounds that it is illegal"). The right to appeal an order "affecting the substantial rights of the state" still exists under § 13-4032(4). *See Young v. Beck*, 227 Ariz. 1, 4–5 ¶ 13 (2011) ("We generally do not find that a statute changes common law unless 'the legislature . . . clearly and plainly manifest[s] an intent' to have the statute do so." (quoting *Wyatt v. Wehmueller*, 167 Ariz. 281, 284 (1991))) (alterations in original).

¶35 Moreover, Arizona law deprives a convicted felon of certain civil rights, including the right to possess a firearm. *See* A.R.S. § 13-3101(A)(7)(b) (defining "prohibited possessor" as "any person . . . [w]ho has been convicted within or without this state of a felony or who has been adjudicated delinquent for a felony and whose civil right to possess or carry a firearm has not been restored"); *see also* A.R.S. § 16-101(A)(5) ("Every resident of this state is qualified to register to vote if the resident . . . [h]as not been convicted of treason or a felony, unless restored to civil rights."). The expungement order here restored Santillanes's civil rights, including his right to possess a firearm. *See*

12

§ 36-2862(C)(1)(c) (providing that an order granting expungement of a conviction or adjudication under § 36-2862(A) shall "state that the petitioner's civil rights, including the right to possess firearms, are restored, unless the petitioner is otherwise not eligible for the restoration of civil rights"). An expungement order granting restoration clearly affects the status of a petitioner's civil rights. It also affects the state's substantial right in ensuring that an individual deprived of his civil rights due to a lawful felony conviction does not have those rights, including the right to possess a firearm, unlawfully restored.

¶36 Our opinion does not thwart the purpose of the Act, as amici claim, because records ordered expunged will become unsealed only after an appellate court determines that those records are statutorily ineligible for expungement in the first place. Moreover, we do not permit the state "to appeal every granted expungement," a concern that amici raised. As discussed, appeals from orders expunging records of a felony conviction are always appealable by the state because they affect the substantial rights of the state under § 13-4032(4). And in every proceeding, the state's lawyer will be appropriately constrained by Ethical Rule ("ER") 3.1. The state may not appeal an expungement order that it alleges falls outside the scope of the specific offenses identified in § 36-2862(A) "unless there is a good faith basis in law and fact for doing so that is not frivolous." *See* Ariz. R. Sup. Ct. 42, ER 3.1.

¶37 For these reasons, we hold that an order that expunges records pertaining to a felony conviction is "[a]n order made after judgment affecting the substantial rights of the state" under § 13-4032(4). Therefore, the State has the right to appeal the order expunging Santillanes's records and restoring his civil rights, including the right to possess a firearm.

¶38 Our holding today applies only to the right to appeal an expungement order pertaining to records of a felony conviction under § 13-4032(4). We do not address or take a position on whether the state will ever have the right to appeal, under any subsection of § 13-4032, expungement orders where the petitioner (1) was convicted only of a

13

misdemeanor offense, or (2) was arrested or charged but never convicted.[2] Those circumstances are not before us.

**CONCLUSION**

¶**39** We vacate paragraphs 1 and 7–21 of the court of appeals' opinion. Because the court of appeals decided additional legal issues that were not raised to this Court, we remand to the trial court for further proceedings consistent with the remainder of the court of appeals' opinion.

---

[2] We note that where a petitioner was arrested or charged but never convicted of any offense, there would not be "[a]n order made after judgment" under § 13-4032(4).